559 A.2d 118

**GATEWAY SCHOOL DISTRICT, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF EDUCATION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 7, 1989.

Decided May 25, 1989.

Thomas M. Rutter, Jr., Sol., Donald J. Palmer, Goehring, Rutter & Boehm, Pittsburgh, for petitioner.

John Pushinsky, Pittsburgh (Notice of Intervention), for Eric L., Intervenor.

Debra R. Cruel, Yvonne Okonieski, Ernest N. Helling, Asst. Chief Counsel, Jay P. Heubert, Chief Counsel, Harrisburg, for Dept. of Educ.

Before CRAIG, DOYLE and PALLADINO, JJ.

PALLADINO, Judge.

Gateway School District (Petitioner) appeals from an order of the Secretary of the Department of Education (Secretary) adopting the recommendation of a hearing officer that Petitioner develop an Individualized Education Program (IEP), for Eric L., which includes college level courses. For the reasons set forth below, we quash Petitioner's appeal.

This case arose when, in October of 1987, Eric L., a gifted student in the Gateway School District, and his parents requested an educational due process hearing. Eric was then attending the twelfth grade during the 1987–1988 school year. He had participated in Petitioner's gifted program since he was in first grade.[1] The hearing officer found that the last IEP which included mathematics was designed by Petitioner when Eric was in sixth grade. Finding of Fact No. 5. The hearing officer further found that by the time Eric was in eighth grade, he had completed all of the mathematics courses appropriate for him that were offered by Petitioner. Finding of Fact No. 5. As a result, Eric began attending college-level mathematics classes and has since accumulated approximately thirty (30) credits. Eric's parents paid his tuition and arranged for his transportation to classes, while Petitioner adjusted Eric's high school class schedule in order to accommodate his attendance at the college classes.

At the beginning of the 1987–1988 school year, Petitioner

---

1. Section 1372 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. § 13–1372, requires special treatment for exceptional students, including gifted students. A mentally gifted student is defined as one with:

> Outstanding intellectual and creative ability the development of which requires special activities or services not ordinarily provided in the regular program. Persons shall be assigned to a program for the gifted when they have an IQ of 130 or higher. A limited number of persons with IQ scores lower than 130 may be admitted to gifted programs when other educational criteria in the profile of the person strongly indicate gifted ability.

22 Pa.Code § 341.1

designed an IEP [2] for Eric, which provided goals and objectives in the areas of language arts and vocabulary, but not mathematics because neither Eric nor his parents requested such a math program. Thereafter, Eric and his parents requested an educational due process hearing [3] for the purpose of determining whether the grades which Eric had earned in his college math courses should be included by Petitioner when computing Eric's grade point average. Eric and his parents also requested Petitioner to provide Eric with a mathematics program in his IEP.

After several hearings, the special education hearing officer issued a recommendation on March 24, 1988 directing Petitioner to develop an IEP for Eric which would include the college math courses he was taking or was scheduled to take during the 1987–1988 school year. In addition, the hearing officer recommended that the grades which Eric had earned or would earn in those courses be averaged into his grade point average. The hearing officer further recommended that Petitioner not be required to average into Eric's grade point average the grades received in his college courses prior to the 1987–1988 school year.

Petitioner filed timely exceptions to the hearing officer's recommended decision, challenging *only* that portion of the decision directing it [Petitioner] to average Eric's grades from the 1987–1988 college courses into his high school grade point average. By letter dated May 25, 1988, Petitioner filed "amended" exceptions, challenging the hearing officer's recommendation that Petitioner include Eric's 1987–1988 college courses in his IEP for that year.

By order dated May 26, 1988, the Secretary upheld Petitioner's original exceptions, but did not address the "amended" exceptions. [4] The Secretary determined that Petitioner

---

2. *See* 22 Pa.Code §§ 341.15 and 341.17 for requirements of an IEP and frequency with which the IEP is to be reviewed.

3. *See* 22 Pa.Code § 341.18 for hearings before a special education hearing officer to formulate an IEP.

4. By letter dated June 22, 1988, the Department of Education's Due Process Technical Advisor notified Petitioner's counsel that the amended exceptions were not received until May 27, 1988. The letter

was not required to include Eric's college course grades in his high school grade point average, holding that grading policy is a matter of local school district discretion. The Secretary adopted the remainder of the hearing officer's findings of fact, conclusions of law, and recommendations. Petitioner then filed a petition for reconsideration, which was received by the Secretary on June 7, 1988. Because the Secretary did not act on Petitioner's request within thirty (30) days, the request was deemed denied. 1 Pa.Code § 35.241.

On June 24, 1988, Petitioner filed a petition for review with this court, contending that the decision of the Secretary, adopting the hearing officer's recommendation that Petitioner develop an IEP for Eric which includes his 1987–1988 college math courses, is contrary to law, unsupported by substantial evidence, and constitutes an abuse of discretion. Eric L. has filed a motion to strike or quash the petition for review on the ground that the issue raised in the petition was waived by Petitioner because of its failure to timely except to that portion of the hearing officer's decision. Petitioner's petition for review, Eric L.'s motion to strike/quash, and Petitioner's answer thereto are now before this court for disposition.

▰ Initially, we note that exceptions to a hearing officer's proposed report must be filed within thirty (30) days of service of the proposed report. 1 Pa.Code § 35.211. Failure to except in a timely manner shall constitute a waiver of objections. 1 Pa.Code § 35.213. On appeal from a final order of an administrative agency, a reviewing court may address only those issues which were raised in exceptions to the agency. *Anthony Iron & Metal Co. v. Department of Transportation,* 109 Pa.Commonwealth Ct. 347, 531 A.2d 90 (1987).

▰ Notwithstanding this general limitation, a reviewing court may consider questions involving the validity of a

further stated that because the Secretary had rendered his decision on May 26, 1988, there were no longer exceptions pending before the Secretary which could be amended.

statute, questions involving subject matter jurisdiction, and questions which the court is satisfied could not, by the exercise of due diligence, have been raised before the government agency. Pa.R.A.P. 1551; *see also* 2 Pa.C.S. § 703 (party proceeding before Commonwealth agency under terms of particular statute shall not be precluded from questioning validity of statute on appeal, but may not raise on appeal any other question not raised before the agency unless allowed by the court upon due cause shown).

In this case, Petitioner contends that the merits of the issue raised in the petition for review, namely, the inclusion of Eric's 1987–1988 college math courses in his IEP, should be considered by this court because of the recent decision of the Pennsylvania Supreme Court in *Centennial School District v. Department of Education*, 517 Pa. 540, 539 A.2d 785 (1988). Petitioner asserts that the decision in *Centennial School District* was not available to it at the time the original exceptions were filed.[5] Petitioner argues that *Centennial School District* constitutes both new and dispositive case law on the issue of the extent of a school district's obligations to gifted students.[6] Petitioner further

5. The decision in *Centennial School District* was filed on March 22, 1988. However, Petitioner alleges that the decision was not reported in the advance sheets until May 13, 1988.

6. In support of its argument that it cannot be compelled to provide college level courses as part of a gifted student's IEP, when such courses are outside of its regular curriculum, Petitioner focuses on the following language in *Centennial School District:*
   The rule which we extrapolate and endorse ... is that a school district may not be required to become a Harvard or a Princeton to all who have IQ's over 130. We agree that "gifted" students are entitled to special programs as a group to bring their talents to as complete a fruition as our facilities allow. We do not, however, construe the legislation as authorizing individual tutors or exclusive individual programs outside or beyond the district's existing, regular and special education curricular offerings.
   517 Pa. at 552–553, 539 A.2d at 791. In its brief to this court, Petitioner has also attached two special education opinions, *In re the Educational Assignment of Colin K.* (Special Education Opinion No. 332, filed April 5, 1988) and *In re the Educational Assignment of Edward R.* (Special Education Opinion No. 331, filed April 19, 1988). In *Colin K.* and *Edward R.*, the Secretary cited *Centennial School District* and held that the respective school districts were not required to provide college courses to gifted students as part of an IEP.

asserts that, upon becoming aware of the *Centennial School District* decision, it filed the amended exceptions in a reasonably prompt manner. Thus, Petitioner contends that it has not waived the issue of inclusion of college courses in Eric's IEP.

■ This court held in *Doe–Spun, Inc. v. Morgan,* 93 Pa.Commonwealth Ct. 447, 502 A.2d 287 (1985) that on appeal, a new and different theory of recovery may not be advanced for the first time. However, a party *may* cite new and different authority for a theory raised below. *Id.* Here, Petitioner only excepted to that portion of the hearing officer's recommendation which directed Petitioner to include Eric's college course grades when computing his high school grade point average. In this case, Petitioner has offered no reason why it could not have raised the *issue* of the correctness of the hearing officer's recommendation that Eric's IEP include his 1987–1988 college courses in its exceptions to the hearing officer's decision, other than its assertion that authority favorable to its position came to its attention after it had filed the original exceptions. We conclude that this is insufficient to overcome the waiver rule.[7] *Anthony Iron & Metal.*

Accordingly, we quash Petitioner's appeal.

## ORDER

AND NOW, May 25, 1989, the motion of Eric L. to quash the appeal in the above-captioned matter is granted and Petitioner's appeal is quashed.

However, review of these opinions discloses that the school districts in each case excepted to the hearing officers' recommendations that college courses be provided to the students.

7. *See Scott S. v. Department of Education,* 99 Pa.Commonwealth Ct. 57, 512 A.2d 790 (1986). In *Scott S.,* the parents of a gifted student requested that a school district provide an advanced level math course in a classroom setting or reimburse them for cost of a college course. The hearing officer recommended that the school district include a classroom-taught math course in the student's IEP, but that the school district not be responsible for the cost of the college course. In *Scott S.,* the school district excepted to the hearing officer's recommendation that a classroom-taught math course be included in the IEP. The Secretary upheld the school district's exception; this court affirmed.