**SMITHFIELD CAFE, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 31, 1995.

Decided June 16, 1995.

Robert L. Downey, for petitioner.

Randall S. Brandes, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before SMITH and KELLEY, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

Employer Smithfield Cafe petitions for review of the September 23, 1994 order of the Unemployment Compensation Board of Review reversing the Referee's denial of benefits to Claimant Albert M. Fratangelo on the basis that Claimant had not voluntarily terminated his employment under Section 402(b) of the Unemployment Compensation Law (the Law) [1] because he intended to return to work after an approved extended vacation. Due to Employer's failure to preserve issues in its petition for review, we dismiss its appeal from the Board's order.

The facts as found by the Board are as follows. A cook, Claimant worked for Employer at a rate of $7.00 per hour from December 1988 to May 6, 1994. (Finding of Fact No. 1.) At an April meeting, the owner, chef, kitchen manager and general manager addressed Claimant's request to take an extended vacation to Europe in May for four to five weeks. Employer approved Claimant's request. (Finding of Fact No. 4.)

In addition, Employer asked Claimant whether he still intended to retire in October. Claimant responded "yes" and Employer advised him that a replacement would be hired while Claimant was in Europe on vacation. (Finding of Fact No. 5.)

With regard to the situation upon Claimant's return, the Board found that "Claimant would continue to work for employer upon his return. He was to help train his replacement and fill in for other workers who were out sick or on vacation." (Finding of Fact No. 6.) Further, the Board found that Claimant intended to return to work for Employer and was advised to contact Employer upon his return. (Findings of Fact Nos. 7 and 8.)

Claimant, however, had difficulty contacting Employer upon his return:

8. Claimant returned on Saturday, June 11 and called employer Sunday, June 12, 1994.

9. Claimant could not reach employer on June 12 but spoke with the owner on Monday, June 13. Claimant was told to

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(b).

come in June 14 by the owner who said he would put together a schedule for claimant.

10. Claimant went into work June 14 and worked one and a half hours for the owner who did not appear. Claimant then went home and left a message for the owner to call him.

11. On Wednesday, June 15 claimant left a message for the owner to return his call. The owner did not call claimant back.

12. On Thursday, June 16 claimant went back to employers to see the owner. Claimant worked approximately one and a half hours to see the owner before leaving.

(Findings of Fact Nos. 8–12.)

Accordingly, the Board concluded as follows:

The Board finds claimant's testimony credible that he intended to return to work for employer upon returning from his approved extended vacation. Claimant's reasonable person under the same circumstances would believe that upon [their] return from vacation [they] [sic] would still be working for employer. Therefore, claimant did not have the required intent for his actions to constitute a voluntary quit.

(Board's Discussion at 2.)

We first address the threshold issue of whether we should dismiss Employer's appeal. After reviewing both Employer's petition for appeal and its brief, we conclude that we must dismiss its appeal to this Court.

In Employer's October 24, 1994 petition for appeal, Employer preserves only an objection to Finding of Fact No. 12, which provides as follows:

12. On Thursday, June 16 claimant went back to employers to see the owner. Claimant worked approximately one and a half hours to see the owner before leaving.

(Finding of Fact No. 12.)

The October 24, 1994 petition for review filed with this Court appears to be incomplete in that Employer states that it is basing its appeal on general objections and then only sets forth a partial objection to Finding of Fact No. 12. We note, however, that Employer did not attempt to amend its petition for review within the thirty-day appeal period. Pa.R.A.P. 1512. Further, we note that on October 25, 1994, our Chief Clerk sent the petition for review back to Employer for failure to comply with Pa.R.A.P. 1514(c). Thus, Employer had a second opportunity to peruse its incomplete petition and to seek to amend it prior to the expiration of the appeal period. Employer never sought to amend its petition.

Generally, a petitioner may not amend its previously filed petition for review to include a new objection to the governmental determination after the expiration of the appeal period. PA Appellate Practice 2d, §§ 1503:3 and 1513:10. *Accord Pennsylvania Game Commission v. Department of Environmental Resources,* 97 Pa.Commonwealth Ct. 78, 509 A.2d 877 (1986), *aff'd,* 521 Pa. 121, 555 A.2d 812 (1989) (holding that, in order to amend an appeal pending before a Commonwealth agency after the expiration of the appeal period to include a new issue on appeal, a party has to show reasons that would justify a nunc pro tunc appeal since a failure to raise an issue within the appeal period constitutes a jurisdictional defect).

In addition, in its brief to this Court, Employer raises three issues in its "Statement of Questions Involved." Employer's "Argument" section, however, consists of two paragraphs, one of which is merely a recitation of Section 804(a) of the Law. The "Argument" section provides as follows:

ARGUMENT

Section 402(b) of the Unemployment Compensation Act specifically prohibits the payment of unemployment compensation funds to any individual who voluntarily leaves work without cause of a necessitous and compelling nature. Since the Claimant voluntarily terminated the employment relationship he held with Smithfield Cafe, the Claimant in [sic] not entitled to any of the benefits he may have received.

Additionally, under Section 804(a), the Law specifically states that any person who by reason of the individual's fault has received any sum compensation under this Act to which that individual was not entitled shall be liable to repay the Unemployment Compensation Fund to the credit of

the Compensation Account in a sum equal to an amount received by that individual. (Employer's Brief at 7.)

As the Board notes in its brief, Employer has not only failed to raise any issues in its petition for review[2] and to develop them in its brief, but it also has failed to set forth its argument in compliance with Pa.R.A.P. 2119.

> (a) **General Rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a).

For these reasons, we must dismiss Employer's petition for review from the Board's order.[3]

### ORDER

AND NOW, this 16th day of June, 1995, the petition for review filed by employer, Smithfield Cafe, is hereby dismissed.

**2.** Failure to preserve an issue on appeal constitutes a waiver. *Tyler v. Unemployment Compensation Board of Review*, 139 Pa.Commonwealth Ct. 598, 591 A.2d 1164 (1991).

**3.** On the merits, we note that the issue of whether a separation is voluntary or involuntary is a question of law subject to our review. *Norman Ashton Klinger & Associates, P.C. v. Unemployment Compensation Board of Review*, 127 Pa.Commonwealth Ct. 293, 561 A.2d 841 (1989). Here, the record supports the Board's finding that Claimant did not voluntarily sever his work relationship and, in fact, made attempts to preserve it. Thus, notwithstanding the deficiencies present in Employer's petition for review and brief, Claimant would nonetheless win on the merits.