# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Steven Burda, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1779 C.D. 2016 |
| | : | Submitted: October 27, 2017 |
| Pennsylvania Judicial | : | |
| Conduct Board, | : | |
| | : | |
| Respondent | : | |

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE JAMES GARDNER COLINS, Senior Judge

**OPINION BY**
**SENIOR JUDGE COLINS**                               **FILED: November 30, 2017**

Steven Burda (Petitioner) petitions, *pro se*, for review of a final determination of the Office of Open Records (OOR) dated October 13, 2016, which denied his appeal under the Right-to-Know Law[1] for lack of jurisdiction and transferred the appeal to the Appeals Officer for the Judicial Conduct Board of Pennsylvania (JCB). We affirm.

On September 23 and 28, 2016, Petitioner submitted a request to the JCB under the Right-to-Know Law seeking information on how many Right-to-Know Law appeals were denied as untimely by the JCB based on improper application of the appeal deadline. (Record Item (R. Item) 1, Petitioner's Appeal to

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

OOR, 9/28/16 Email, Reproduced Record (R.R.) at 12.)[2]   By letter dated October 5, 2016, the JCB denied this request on the grounds that it required the creation of a record that does not exist and on the ground that it was not a financial record.  (*Id.*, 10/5/16 Letter, R.R. at 6-7.)  On October 12, 2016, Petitioner appealed this denial to OOR.  (*Id.*, Petitioner's Appeal to OOR, R.R. at. 3-14.)  On October 13, 2016, OOR denied Petitioner's appeal on the ground that the JCB is a judicial agency and is therefore not subject to the jurisdiction of OOR.   (R. Item 2, OOR Final Determination, R.R. at 16-17.)  Petitioner has appealed that decision to this Court.[3]

OOR correctly denied Petitioner's appeal.   OOR does not have jurisdiction to hear an appeal from the denial of a record request by a judicial agency. Sections 503(b) and 1101(a) of the Right-to-Know Law, 65 P.S. §§ 67.503(b),

---

[2] Petitioner argues in his brief that this appeal involves denial of a request for "documents concerning the finalized investigation into the issue of the emails circulated by, between, and among members of the judiciary, lawyers, and others that was investigated by Doug Gansler per appointment by the PA Office of Attorney General" (the Gansler documents).   (Petitioner's Amended Br. at 7.)  That contention is inaccurate.  No such request appears in the certified record in this appeal.  Instead, the certified record is clear that the only Right-to-Know Law request before OOR in its October 13, 2016 decision in Docket No. 2016-1713 that is the subject of this appeal was Petitioner's request for information on the number of JCB denials of Right-to-Know Law appeals.  Accordingly, no Right-to-Know Law request concerning the Gansler documents is before the Court in this appeal.  The JCB's argument that Petitioner waived arguments by failing to state them in his petition for review, however, is also erroneous.  Under the language of Rule 1513 of the Rules of Appellate Procedure prior to 2015, issues not raised in a petition for review appealing an agency determination were waived. *See, e.g., Glunk v. Department of State*, 102 A.3d 605, 611 (Pa. Cmwlth. 2014); *Jimoh v. Unemployment Compensation Board of Review*, 902 A.2d 608, 611 (Pa. Cmwlth. 2006).  That is no longer the law.  Rule 1513 was amended on December 2, 2014, effective January 1, 2015, and now provides that "the omission of an issue from the statement [of objections in the petition for review] shall not be the basis for a finding of waiver if the court is able to address the issue based on the certified record." Pa. R.A.P. 1513(d)(5). *See also* Pa. R.A.P. 1513 Official Note – 2014 (stating that the December 2, 2014 amendments "are intended to preclude a finding of waiver if the court is able, based on the certified record, to address an issue not within the issues stated in the petition for review but included in the statement of questions involved and argued in a brief").

[3] This Court exercises plenary, *de novo* review of OOR's determination in this matter. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

67.1101(a); *Faulk v. Philadelphia Clerk of Courts*, 116 A.3d 1183, 1185-86 (Pa. Cmwlth. 2015); *Frazier v. Philadelphia County Office of Prothonotary*, 58 A.3d 858, 859 (Pa. Cmwlth. 2012).

Petitioner argues that the JCB is not a judicial agency. We do not agree. The Right-to-Know Law defines "[j]udicial agency" as "[a] court of the Commonwealth or any other entity or office of the unified judicial system." Section 102 of the Right-to-Know Law, 65 P.S. § 67.102. The JCB is an entity or office of the unified judicial system. Pa. Const. art. 5, § 18(a) (creating the JCB as "an independent board within the Judicial Branch"); 42 Pa. C.S. § 2101(a) ("In accordance with section 18 of Article V of the Constitution of Pennsylvania, the Judicial Conduct Board shall be an independent board within the Judicial Branch"); *Commonwealth ex rel. Judicial Conduct Board v. Griffin*, 918 A.2d 87, 94 (Pa. 2007) (the JCB "is an appointed entity of limited scope, created within the judicial system itself"). *Schneller v. Judicial Conduct Board*, (Pa. Cmwlth., No. 239 M.D. 2014, filed Dec. 11, 2014), 2014 WL 10298808, *aff'd without op.*, 123 A.3d 326 (Pa. 2015),[4] cited by Petitioner, is not to the contrary. In *Schneller*, the Court held the JCB was not a court and that an action against it for mandamus was therefore within this Court's original jurisdiction. Slip op. at 4-7, 2014 WL 10298808 at *2-*3. The Court, however, also specifically held that the JCB is an agency of the judicial system. *Id.* at 5-7, 2014 WL 10298808 at *2-*3. The issue here is not whether the JCB is a court, but whether it is an entity within the judicial system. Because the JCB is an entity within the judicial system, it is a judicial agency under the Right-to-Know Law. 65 P.S. § 67.102.

---

[4] Because it is an unreported decision, *Schneller* is not binding precedent, but is considered by the Court for its persuasive value. 210 Pa. Code § 69.414(a).

3

Petitioner also argues that the JCB is subject to OOR's jurisdiction because it is an independent state agency. This argument likewise fails. OOR has jurisdiction over appeals from denials of Right-to-Know Law requests by Commonwealth agencies and "Commonwealth agency" is defined as including "an independent agency and a State-affiliated entity." 65 P.S. §§ 67.102, 67.503(a), 67.1101(a). The Right-to-Know Law, however, also expressly provides that the term "Commonwealth agency … does not include a judicial or legislative agency." 65 P.S. § 67.102. Because the JCB is "an independent board <u>within the Judicial Branch</u>," Pa. Const. art. 5, § 18(a) (emphasis added); 42 Pa. C.S. § 2101(a) (emphasis added), it is a judicial agency and is not within OOR's jurisdiction, regardless of its status as an independent entity.

Because OOR correctly determined that it did not have jurisdiction to hear Petitioner's appeal, we affirm.


_____
**JAMES GARDNER COLINS, Senior Judge**


Judge Brobson did not participate in the decision of this case.

4

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Burda,                               :
                                            :
                    Petitioner              :
                                            :
        v.                                  : No. 1779 C.D. 2016
                                            :
Pennsylvania Judicial                       :
Conduct Board,                              :
                                            :
                    Respondent              :

## **O R D E R**


AND NOW, this 30th day of November, 2017, the final determination of the Office of Open Records is AFFIRMED.


**_____**

**JAMES GARDNER COLINS, Senior Judge**