## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Tamam Bitar, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1606 C.D. 2022 |
| | : | Submitted: August 9, 2024 |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| Respondent | : | |

BEFORE:     **HONORABLE RENÉE COHN JUBELIRER,** President Judge
                **HONORABLE CHRISTINE FIZZANO CANNON,** Judge
                **HONORABLE BONNIE BRIGANCE LEADBETTER,** Senior Judge

<u>**OPINION NOT REPORTED**</u>

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**       **FILED: December 6, 2024**

Tamam Bitar (Claimant), pro se, petitions for review of the October 6, 2022 Order of the Unemployment Compensation (UC) Board of Review (Board), which affirmed a Referee's decision establishing Claimant owes non-fraud overpayments in Pandemic Unemployment Assistance (PUA), Federal Pandemic Unemployment Compensation (FPUC), and Lost Wage Assistance (LWA) benefits under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), 15 U.S.C. §§ 9001-9034. Also before this Court for disposition is the Board's Application for Relief in the Form of a Motion to Strike Petitioner's Brief, Quash the Petition for Review, and Dismiss the Appeal (Motion). For the following reasons, we deny the Board's Motion, and affirm the Board's decision.

# I.    BACKGROUND

On March 28, 2022, the Pennsylvania Department of Labor and Industry, Office of UC Benefits (Department), issued to Claimant a Notice of Determination Non-Fraud FPUC Overpayment (Non-Fraud FPUC Determination).[1]   (Certified Record (C.R.) at 26-37.)  In the Non-Fraud FPUC Determination, the Department notified Claimant she received $3,300 in FPUC benefits to which she was not entitled and established a non-fraud overpayment under Section 2104(f) of the CARES Act, 15 U.S.C. § 9023(f).  (*Id.* at 26-37.)  In response, Claimant timely appealed to the Referee.[2]  (*Id.* at 39-42, 49.)

Thereafter, the Referee scheduled a telephone hearing with Claimant regarding Claimant's PUA eligibility.[3]   (*Id.* at 54-65.)  Claimant had apparently received other determinations from the Department which she had also timely appealed to the Referee.  The Referee consolidated Claimant's multiple claims and appeals for purposes of the hearing, including the Non-Fraud FPUC Determination appeal.[4]  (*Id.* at 55.)  In furtherance of the consolidated hearing, the Referee indicated "[t]he documents and testimony entered into the record as for one docket number will be accepted for all docket numbers."  (*Id.*)  Finally, the Referee stated the issues to be decided at the hearing included whether Claimant was (1) eligible for PUA, (2)

---

[1] The Non-Fraud FPUC Determination is associated with Determination No. 10718939, Claim No. 1579863, and Claimant ID: 717783.  (Certified Record (C.R.) at 26.)

[2] The Department docketed Claimant's appeal of the Non-Fraud FPUC Determination at Referee Office Docket No. 2022012680-AT.  (C.R. at 49.)  The Department's Certifications of Documents in the Certified Record list two additional Referee Office Docket Nos. pertaining to Claimant:  2022012650-AT (Non-Monetary Determination), and 2022012654-AT (Overpayment: Overpaid Account Established Notice).  (*Id.* at 44-47.)

[3] The telephone hearing notice, mailed on April 29, 2022, referenced Claim No. 1579863, Determination No. 10718850, and Referee Office Docket No. 2022012650-AT.  (C.R. at 54.)

[4] The Referee Office Docket Nos. associated with Claimant's hearing included:  2022012680-AT (Non-Fraud FPUC Determination); 2022012668-AT; 2022012662-AT; 2022012654-AT; 2022012650-AT; and 2022010653-AT.  (C.R. at 55.)

overpaid because of receiving PUA, (3) overpaid because of receiving FPUC, and (4) overpaid because of receiving LWA.  (*Id.* at 54.)  On May 17, 2022, the hearing proceeded as scheduled.  Claimant appeared with her son as her representative, and an interpreter assisted Claimant, as she speaks Arabic.  (*See id.* at 42, 67, 70.)

By decision dated May 19, 2022, the Referee affirmed the Non-Fraud FPUC Determination, finding Claimant ineligible for PUA, FPUC, and LWA benefits under the CARES Act.[5]  (*Id.* at 85-90.)  In reaching the decision, the Referee made the following findings of fact:

1. [] Claimant filed an application for [PUA] benefits effective March 15, 2020.

2. [] Claimant last worked in 2019, when she took a leave of absence due to surgery.

3. [] Claimant received a total of $9,750 in PUA benefits for the 50 weeks at issue.

4. [] Claimant received a total of $15,300 in LWA & FPUC benefits for 34 of the 50 weeks at issue.

(*Id.* at 86.)  In support of these findings, the Referee reasoned:

> In the present case, [] Claimant's last separation from employment was unrelated to the COVID-19 Pandemic.  While [] Claimant alleged that she was released to work at the end of March 2020, [] Claimant did not provide a specific date, or a medical release related to the dates at issue. In addition, [] Claimant's testimony indicated it was when [] Claimant felt well enough to return, which is not a direct result of the COVID-19 Pandemic.  Therefore, [] Claimant is ineligible for PUA benefits under Section 2102(a)(3) of the CARES Act . . . [, 15 U.S.C. § 9021(a)(3)].
>
> . . . .

---

[5] The Referee issued the decision at Referee Office Docket No. 2022012680-AT, which is associated with Claim No. 1579863 and the Non-Fraud FPUC Determination (Determination No. 10718939).  (C.R. at 85.)

Since [] Claimant is ineligible for the PUA benefits for the weeks at issue, she is ineligible for FPUC [and LWA] benefits under Section 2104 of the CARES Act . . . [, 15 U.S.C. § 9023].

. . . .

Since [] Claimant is ineligible for the PUA benefits that she received, an overpayment must be established. The Referee is unable to conclude that [] Claimant engaged in fraud in order to receive the benefits. Therefore, a non-fraud overpayment is established under the provisions of Section 2102(h) of the CARES Act . . . [, 15 U.S.C. § 9021(h)].

. . . .

Since [] Claimant is ineligible for the LWA & FPUC benefits that she received, an overpayment must be established. The Referee is unable to conclude that [] Claimant engaged in fraud in order to receive the benefits. Therefore, a non-fraud overpayment is established under the provisions of Section 2104(f)(2), and (3) of the CARES Act[, 15 U.S.C. § 9023(f)(2), (3)].

(*Id.* at 88-89.) Accordingly, the Referee established non-fraud overpayments of $9,750 in PUA benefits and $15,300 in FPUC and LWA benefits under the CARES Act. (*Id.* at 90.)

Claimant promptly appealed the Referee's decision to the Board. (*Id.* at 97-99, 101.) However, Claimant appears to have appealed only the Referee's decision at Referee Office Docket No. 2022012680-AT, which involved the Non-Fraud FPUC Determination (Determination No. 10718939). (*Id.* at 97-99, 101.) The Board docketed Claimant's appeal at Board Docket No. 2022005453-BR. (*Id.*) On October 6, 2022, the Board affirmed the Referee's decision, adopting and incorporating the Referee's findings and conclusions. (*Id.* at 106-07.) In its Order, the Board indicated Claimant "provide[d] a letter to support her allegation that she was to return to work but was unable to[] due to COVID." (*Id.* at 106.) However,

4

the Board did not consider the letter in its deliberation of Claimant's appeal because "the Board cannot consider evidence that was presented to it in the first instance and was not presented to the Referee." (*Id.*) Nevertheless, the Board noted that even if it considered the letter, it "d[id] not find the letter credible, as it contain[ed] numerous typos/misspellings"; nor did the Board find Claimant's testimony credible because, according to the Board, Claimant "appeared to be coached during some portions of the testimony." (*Id.*) Accordingly, the Board concluded "[C]laimant did not meet her burden to show that she was eligible for PUA under the CARES Act . . . , and she is responsible for the corresponding PUA, FPUC, and LWA overpayments." (*Id.*)

In October 2022, Claimant timely filed a Pro Se Letter with this Court, indicating her intent to appeal the Board's Order. In the Pro Se Letter, Claimant states she filed this appeal because "the letter that was provided [to the Board] is accurate and you may contact the employer for verification." (Pro Se Letter at 1.) Pursuant to this Court's March 17, 2023 Notice, Claimant filed an Ancillary Petition for Review. Like the Pro Se Letter, Claimant asserts the Board's Order should be reversed because "the documentation provided [to the Board] was described as invalid [by the Board]. [T]he employer will confirm if contacted a list of reasons will be provided to this [C]ourt when accepted." (Ancillary Petition for Review (Ancillary Pet.) at 2.)

In September 2023, the Board filed its Motion. In the Motion, the Board asserts that neither Claimant's Pro Se Letter nor Ancillary Petition for Review directly addresses or contains a statement fairly embracing the sole issue ruled upon

5

by the Board in its Order. (*See* Motion ¶¶ 1-7.)[6] Therefore, according to the Board, Claimant's Ancillary Petition for Review cannot be considered by this Court, and this Court should quash and dismiss the appeal. (*See id.* ¶¶ 8-9.) Further, the Board complains Claimant's brief fails to mention the sole issue before the Court and, thus, this Court's scope of review mandates the appeal be dismissed. (*See id.* ¶¶ 13-15.) By Memorandum and Order of December 5, 2023, this Court declined to quash and/or dismiss Claimant's Ancillary Petition for Review and deferred ruling on the Motion until the receipt of the Board's brief, and any reply brief of Claimant, addressing on the merits the issues raised in the Motion.

This Court has received all briefing in this matter and will now address the parties' arguments.

## II. PARTIES' ARGUMENTS

On appeal, Claimant seeks reversal of the Department's Non-Fraud FPUC Determination, which, according to Claimant, "found them ineligible for benefits under the UC Law."[7] (Claimant's Brief (Br.) at 1-3.) In furtherance of reversal, Claimant sets forth two arguments. At length, Claimant argues:

> [First,] [t]he determination made by the [Department] incorrectly concluded that [Claimant] is not eligible for [UC] benefits. However, a comprehensive review of the UC Law reveals that [Claimant] satisfies

---

[6] Because the Board's brief tracks and/or expands on the arguments made in the Motion, we do not reiterate the Motion's arguments in full here. To note, however, in its Motion, the Board attached two documents that were not contained in the Certified Record filed with this Court, despite the Board's verification to the contrary. (*See* Motion at 44.) The Court may not consider these additional documents as the documents are not contained in the Certified Record. *See Brown v. Unemployment Comp. Bd. of Rev.*, 276 A.3d 322, 331 n.13 (Pa. Cmwlth. 2022) ("It is well settled that this Court may not consider extra-record evidence that is not part of the certified record on appeal.").

[7] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751-919.10.

the eligibility criteria[, w]hich indicates a potential misunderstanding could've happened during the review of the claim.

[Second,] there were procedural irregularities and a lack of due process during the determination process. These irregularities may have affected the outcome of the determination and violated [Claimant]'s rights. The [C]ourt should thoroughly evaluate these claims and consider the impact on [Claimant]'s right to a fair hearing.

(*Id.* at 2.) Therefore, Claimant concludes it is possible the Department's Non-Fraud FPUC Determination incorrectly denied Claimant's UC benefits claim and requests this Court overturn the Board's Order.[8] (*Id.* at 2-3.)

In opposition, the Board argues Claimant waived any argument on appeal under Pennsylvania Rules of Appellate Procedure 1513(d) and 2116, Pa.R.A.P. 1513(d), 2116. (*See* Board's Br. at 5-11.) The Board contends, despite the sole issue being whether Claimant was overpaid FPUC benefits, Claimant only addresses the underlying finding of ineligibility for benefits under the CARES Act and raises a new issue regarding the conduct of the Referee's hearing. (*Id.* at 5.) Accordingly, the Board argues Claimant failed to preserve issues for appeal under Rule 1513(d) because neither Claimant's Pro Se Letter nor Ancillary Petition for Review contain a statement which fairly indicates Claimant's challenge to the Board's decision regarding the Non-Fraud FPUC Determination. (*Id.* at 5-9 (citing *Deal v. Unemployment Comp. Bd. of Rev.*, 878 A.2d 131, 132-33 (Pa. Cmwlth. 2005); *Smithfield Café v. Unemployment Comp. Bd. of Rev.*, 660 A.2d 248, 249-50 (Pa. Cmwlth. 1995)).) Likewise, the Board argues Claimant waived any argument on appeal under Rule 2116 because Claimant's brief does not contain a "Statement of Questions Involved" nor discusses the Non-Fraud FPUC Determination issue. (*Id.*

---

[8] Claimant also attached two letters to her brief. However, as previously stated, this Court may not consider the letters because the letters are not part of the Certified Record. *See Brown*, 276 A.3d at 331 n.13.

7

at 9-11 (citing *Smithfield*, 660 A.3d at 249-50; *Daly v. Unemployment Comp. Bd. of Rev.*, 631 A.2d 720, 722 (Pa. Cmwlth. 1993)).)

Second, the Board contends, even if this Court determines Claimant did not waive her arguments on appeal, its decision regarding the Non-Fraud FPUC Determination should be affirmed for three reasons: (1) Claimant's entitlement to FPUC benefits is not at issue; (2) there is no dispute regarding whether Claimant received FPUC benefits; and (3) Claimant is not aggrieved by the Board's finding of a non-fraud FPUC overpayment. (*Id.* at 11.) Further, the Board again asserts Claimant's sole issue on appeal concerns the overpayment of FPUC benefits, not the underlying eligibility of those benefits; thus, Claimant may not collaterally attack the underlying eligibility decision on this appeal. (*Id.* at 12-13 (citing *Mull v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 1518 C.D. 2022, filed Dec. 21, 2023), slip. op. at 1-2, 5-6).)[9]

## III. DISCUSSION[10]

Because the Board's waiver arguments are potentially dispositive issues, this Court will first address each waiver issue in turn.

### A. Whether Claimant's Arguments Are Waived Under Rule 1513(d)

Under Rule 1513(d)(5), appellate jurisdiction petitions for review are required to contain, among other things, "a general statement of the objections to the order or other determination." Pa.R.A.P. 1513(d)(5). However, "the omission of an issue from the statement shall not be the basis for a finding of waiver if the court is able

---

[9] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule 126(b) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

[10] This Court's review is limited to determining whether constitutional rights were violated, an error of law was committed, the agency's practices or procedures were violated, or the findings of fact were supported by substantial evidence. *See* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

to address the issue based on the certified record." *Id.* As the official note to Rule 1513(d) explains:

> The 2014 amendments to Pa.R.A.P. 1513(d) . . . are intended to preclude a finding of waiver if the court is able, based on the certified record, to address an issue not within the issues stated in the petition for review but included in the statement of questions involved and argued in a brief. The amendment neither expands the scope of issues that may be addressed in an appellate jurisdiction petition for review beyond those permitted in Pa.R.A.P. 1551(a) nor affects Pa.R.A.P. 2116's requirement that "[n]o question will be considered unless it is stated in the statement of questions involved [in appellant's brief] or is fairly suggested thereby."

Pa.R.A.P. 1513, Official Note (2014) (second and third alterations in original). Thus, if the Court is able to address the issue based on the certified record, the claimant's arguments are not waived. *See* Pa.R.A.P. 1513(d)(5); *Kurpiewski v. Workers' Comp. Appeal Bd. (Caretti, Inc.)*, 202 A.3d 870, 885 n.12 (Pa. Cmwlth. 2019); *Burda v. Pa. Jud. Conduct Bd.*, 175 A.3d 1138, 1139 n.2 (Pa. Cmwlth. 2017).

Here, the Board asserts Claimant's arguments are waived because neither Claimant's Pro Se Letter nor her Ancillary Petition for Review contain a general statement of the objections to the Board's Order regarding the Non-Fraud FPUC Determination. (Board's Br. at 5-9 (citing *Deal*, 878 A.2d at 132-33; *Smithfield*, 660 A.2d at 249-50).) However, the Board's argument is erroneous as it relies on two opinions of this Court from **before** the 2014 amendment to Rule 1513(d)(5). These decisions do not reflect the current state of the law. *See Burda*, 175 A.3d at 1139 n.2. Under the current version of Rule 1513(d)(5), "the omission of an issue from the statement shall not be the basis for a finding of waiver if the court is able to address the issue based on the certified record." Pa.R.A.P. 1513(d)(5); *see Kurpiewski*, 202 A.3d at 885 n.12; *Burda*, 175 A.3d at 1139 n.2. Although

9

Claimant's Pro Se Letter and Ancillary Petition for Review do not contain a general statement of the objections to the Board's Order regarding the Non-Fraud FPUC Determination, this Court is able to address the issue of whether the Board erred in its decision regarding the Non-Fraud FPUC Determination based on the Certified Record. Accordingly, Claimant's arguments are not waived under Rule 1513(d)(5).

### B. Whether Claimant's Arguments Are Waived Under Rule 2116

Under Rule 2116, even when the Court can address an issue based on the certified record, "[n]o question will be considered unless it is stated in the statement of questions involved [in claimant's brief] or is fairly suggested thereby." Pa.R.A.P. 2116(a); *see also* Pa.R.A.P. 1513, Official Note (2014). Therefore, when a claimant does not raise an issue in the statement of the questions involved in her brief, nor is it fairly suggested thereby, the claimant has waived that issue on appeal. *See Gibraltar Rock, Inc. v. Dep't of Env't Prot.*, 286 A.3d 713, 722 (Pa. 2022); *George v. Unemployment Comp. Bd. of Rev.*, 231 A.3d 1020, 1027 n.10 (Pa. Cmwlth. 2020). Nevertheless, this Court has previously addressed issues not included in a statement of questions involved when a pro se claimant included the issues in the argument sections of his brief and petition for review. *See Laster v. Unemployment Comp. Bd. of Rev.*, 295 A.3d 17, 20 (Pa. Cmwlth. 2023); *see also Friedman v. State Ethics Comm'n* (Pa. Cmwlth., No. 1220 C.D. 2023, filed Nov. 8, 2024), slip op. at 9 (addressing petitioner's legal arguments to the extent the Court was able to discern it despite petitioner's "flagrant disregard" of the Pennsylvania Rules of Appellate Procedure, including Rule 2116).

Here, the Board argues Claimant waived any argument on appeal under Rule 2116 because Claimant's brief does not contain a statement of questions involved or address the Board's decision regarding the Non-Fraud FPUC Determination.

10

(Board's Br. at 9-11.) Claimant's brief does not contain a statement of the questions involved as required by Rule 2116(a). Although we could quash Claimant's appeal on this basis, *see* Pa.R.A.P. 2116(a); *Gibraltar Rock, Inc.*, 286 A.3d at 722; *George*, 231 A.3d at 1027 n.10, Claimant includes issues in the argument sections of her brief and we can address the issue before us based on the Certified Record. Therefore, under these circumstances, we will address the issues Claimant raises in her brief to the extent we are able to address them. *See Laster*, 295 A.3d at 20; *Friedman*, slip op. at 9; *see also Russell v. Unemployment Comp. Bd. of Rev.*, 812 A.2d 780, 783 n.3 (Pa. Cmwlth. 2002) (explaining how "[t]his Court . . . has considered the merits of particular cases where defects in the brief did not preclude meaningful appellate review . . . .").

### C. Issues Raised in Claimant's Brief

Claimant devotes her brief to raising two issues. First, she contends the Department incorrectly determined Claimant was ineligible for UC benefits. (Claimant's Br. at 2.) Second, she argues there were procedural irregularities and a lack of due process during the determination process. (*Id.*) However, we are constrained to conclude both issues are improper on appeal.

First, Claimant appealed the Non-Fraud FPUC Determination to this Court, which established Claimant was overpaid FPUC benefits; she did not appeal an order finding her ineligible for UC benefits. (*See* Claimant's Br. at 1; C.R. at 26, 101.) Specifically, Claimant petitioned for review of the Board's **October 6, 2022 Order**. (Pro Se Letter at 1; Ancillary Pet. at 2.) The Board's Order is docketed at Board Docket No. 2022005453-BR and followed Claimant's appeal of the Referee's decision at Referee Office Docket No. 2022012680-AT. (C.R. at 106.) In turn, the Referee's decision at Referee Office Docket No. 2022012680-AT stems from

11

Claimant's appeal of the Department's Non-Fraud FPUC Determination (Determination No. 10718939). (*Id.* at 85.) In the Non-Fraud FPUC Determination, the Department only established Claimant was overpaid $3,300 in FPUC benefits. (*Id.* at 26.) In her brief to this Court, Claimant reiterates she seeks reversal of the Department's Non-Fraud FPUC Determination. (Claimant's Br. at 1-3.) For these reasons, although we are cognizant and empathetic that the multitude of decisions and docket numbers consolidated by the Referee here may have led to Claimant's confusion regarding which determinations she wished to appeal, we are constrained to conclude Claimant's ineligibility for UC benefits is not properly before this Court. *See Mull*, slip op. at 5-6 (concluding the claimant's ineligibility for PUA benefits was not properly before the Court because the claimant only appealed the Board's order regarding the non-fraud overpayment of PUA benefits, not the underlying ineligibility determination); *Jones v. Unemployment Comp. Bd. of Rev.*, 344 A.2d 287, 288 (Pa. Cmwlth. 1975) ("[B]ecause there was a right of appeal from the [Department's] determination of ineligibility[,] such a determination could not be attacked collaterally in a later proceeding to determine whether or not the overpayments were due to the fault of the recipient.").

Second, Claimant raises for the first time a procedural due process issue regarding the determination process, which she did not raise before the Board. (Claimant's Br. at 2; *see* C.R. at 97 (stating Claimant appealed to the Board to "[p]rovide additional documentation").) "On appeal from a final order of an administrative agency, a reviewing court may address only those issues which were raised in exceptions to the agency." *Crabbe v. Unemployment Comp. Bd. of Rev.*, 179 A.3d 1183, 1189-90 (Pa. Cmwlth. 2018) (quoting *Gateway Sch. Dist. v. Dep't of Educ.*, 559 A.2d 118, 120 (Pa. Cmwlth. 1989)). Because Claimant did not raise

12

the due process issue with the Board, our ability to review the Board's decision is impaired with respect to that issue. *Id.* Consequently, we are constrained to conclude Claimant's due process issue is waived. *See id.*; *Chapman v. Unemployment Comp. Bd. of Rev.*, 20 A.3d 603, 611 (Pa. Cmwlth. 2011) (waiving an issue because the claimant did not raise it before either the referee or the Board); *Reading Nursing Ctr. v. Unemployment Comp. Bd. of Rev.* 663 A.2d 270, 275 (Pa. Cmwlth. 1995) (waiving a due process issue because the claimant did not raise it before the Board); *Tri-State Scientific v. Unemployment Comp. Bd. of Rev.*, 589 A.2d 305, 307 (Pa. Cmwlth. 1991) ("[I]t is well settled that issues not specified in an appeal before the Board are waived for purposes of review by this Court."); *Gateway Sch. Dist.*, 559 A.2d at 120 (same); *see also* Pa.R.A.P. 1551(a).

We recognize Claimant is proceeding pro se and, for this reason, may have been unaware of the requirements imposed on her or confused over which decision of the Board to appeal, which evidence to present, and which arguments to make. However, we can only review what is before us. As our Supreme Court has made clear: "[W]here the parties in a case fail to preserve an issue for appeal, an appellate court may not address the issue *sua sponte*." *Interest of T.W.*, 261 A.3d 409, 424 n.9 (Pa. 2021) (quoting *Johnson v. Lansdale Borough*, 146 A.3d 696, 709 (Pa. 2016)); *Steiner v. Markel*, 968 A.2d 1253, 1256-57 (Pa. 2009). Accordingly, we are constrained to conclude the issues Claimant raises in her brief are waived on appeal because Claimant did not preserve any issues which the Court can address.[11]

---

[11] Even if this Court was to determine Claimant's arguments are not waived on appeal, we would affirm the Board's Order. In UC cases, the Board's findings are conclusive and will be upheld by this Court so long as they are supported by substantial evidence in the record. *Cambria Cnty. Transit Auth. ("CamTram") v. Unemployment Comp. Bd. of Rev.*, 201 A.3d 941, 947 (Pa. Cmwlth. 2019) (citing cases). "[T]he Board is the ultimate fact finder and is, therefore, entitled to make its own determinations as to witness credibility and evidentiary weight." *Serrano v.*
**(Footnote continued on next page…)**

13

## IV. CONCLUSION

For the foregoing reasons, we affirm.

_____
**RENÉE COHN JUBELIRER,** President Judge

---

*Unemployment Comp. Bd. of Rev.*, 149 A.3d 435, 439 (Pa. Cmwlth. 2016) (citing *Peak v. Unemployment Comp. Bd. of Rev.*, 501 A.2d 1383, 1388 (Pa. 1985)). "Questions of credibility and the resolution of evidentiary conflicts are within the sound discretion of the Board, and are not subject to re-evaluation on judicial review." *Id.* (quoting *Peak*, 501 A.2d at 1388).

Here, the Board's Order is supported by substantial evidence in the record. In its Order, the Board adopted and incorporated the Referee's well-reasoned findings regarding the Non-Fraud FPUC Determination. Additionally, the Board determined Claimant's testimony was not credible because it found Claimant was coached during her testimony. Such credibility determinations are within the sound discretion of the Board, and we cannot re-evaluate it upon our review. *See Serrano*, 149 A.3d at 439. Accordingly, even if we could find Claimant's arguments were not waived on appeal, we would conclude that substantial evidence exists to support the Board's conclusion regarding the Non-Fraud FPUC Determination.

14

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tamam Bitar,                 :
           Petitioner       :
                      :
       v.              :   No. 1606 C.D. 2022
                      :
Unemployment Compensation  :
Board of Review,           :
           Respondent   :

## O R D E R

**NOW**, December 6, 2024, the Unemployment Compensation Board of Review's Order, dated October 6, 2022, is **AFFIRMED** and Application for Relief in the Form of a Motion to Strike Petitioner's Brief, Quash the Petition for Review, and Dismiss the Appeal is **DENIED**.

_____
**RENÉE COHN JUBELIRER,** President Judge