# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bahaa Ateh,                                       :
                        Petitioner               :
                                                  :
            v.                                    :   No. 1436 C.D. 2023
                                                  :   Submitted: November 7, 2024
Unemployment Compensation                        :
Board of Review,                                  :
                        Respondent                :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, President Judge
            HONORABLE LORI A. DUMAS, Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**          **FILED: December 20, 2024**

Bahaa Ateh (Claimant), pro se, petitions for review of the October 5, 2023 Order of the Unemployment Compensation (UC) Board of Review (Board), which affirmed a Referee's decision dismissing Claimant's appeal as untimely, denied Claimant UC benefits, and established Claimant owes non-fraud overpayments of Pandemic Unemployment Assistance (PUA), Federal Pandemic Unemployment Compensation (FPUC), and Lost Wage Assistance (LWA) benefits under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), 15 U.S.C. §§ 9001-9034. For the following reasons, we affirm.

## I.    BACKGROUND

On November 7, 2022, the Pennsylvania Department of Labor and Industry, Office of UC Benefits (Department), issued to Claimant a Pandemic Unemployment

Disqualifying Determination (Determination). (Certified Record (C.R.) at 16.) In the Determination, the Department, under Section 401(c) of the UC Law,[1] denied Claimant's claim for PUA benefits because Claimant "did not verify [his] identity as directed to secure benefits." (*Id.*) The Department advised Claimant that if he wished to appeal the Determination, he must do so within "21 days from the determination date on this letter." (*Id.*) The Determination stated Claimant's appeal must have been either received by the Department or postmarked by November 28, 2022. (*Id.*) Thereafter, Claimant appealed the Determination; however, the Department did not receive the appeal until November 29, 2022. (*Id.* at 27.)

On May 2, 2023, the Referee scheduled a hearing with Claimant regarding four determinations and six issues, including whether Claimant filed a timely appeal of the Determination. (*Id.* at 132.) Despite the numerous issues, at the hearing, the Referee only took testimony regarding whether Claimant timely appealed the Determination because the Service Center requested remands of the multiple determinations involving Claimant. (*Id.* at 164; *see also id.* at 125 (Request for Remand of UC Appeal).) By decision dated June 10, 2023, the Referee dismissed Claimant's appeal of the Determination as untimely under Section 501(e) of the UC

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801(c). Section 401(c) of the UC Law provides:

> Compensation shall be payable to any employe who is or becomes unemployed, and who--
>
> . . . .
>
> (c) Has made a valid application for benefits with respect to the benefit year for which compensation is claimed and has made a claim for compensation in the proper manner and on the form prescribed by the [D]epartment[.]

*Id.*

Law.[2]  (*Id.* at 169-72.)  In reaching this decision, the Referee made the following findings of fact:

[1.] On November 7, 2022, four [d]eterminations were issued denying [] Claimant . . . PUA[], . . . FPUC[], & . . . LWA[] benefits for multiple weeks, along with nonfraud overpayments.

[2.] Copies of these [d]eterminations were mailed to [] Claimant's last known post office address on the above date and provided in the Claimant's PUA website portal.

[3.] The [d]eterminations were not returned by the postal authorities as being undeliverable.

[4.] The [d]eterminations informed [] Claimant that he had until November 28, 2022, to file an appeal if [] Claimant disagreed with the determination[s].

[5.] [] Claimant filed his appeal via mail without a post[]mark date but with a received date stamp of November 29, 2022.

[6.] [] Claimant was not misinformed nor in any way misled regarding the right of appeal or the need to appeal.

(*Id.* at 170.)  Based on these findings, the Referee reasoned:

Claimant alleged that he filed an appeal online a few days before mailing the appeal in the file.  However, the file does not contain the date of an appeal filed before November 29, 2022, and [] Claimant

---

[2] Section 501(e) of the UC Law provides:

Unless the claimant or last employer or base-year employer of the claimant files an appeal with the board, from the determination contained in any notice required to be furnished by the [D]epartment under section five hundred and one (a), (c) and (d), no later than twenty-one calendar days after the "Determination Date" provided on such notice, and applies for a hearing, such determination of the [D]epartment, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

43 P.S. § 821(e).

3

admitted that the information would be on his laptop that he did not bring with him when he appeared in[]person at the Referee Office. In addition, [] Claimant admitted that he filed his appeal via regular mail and did not have a receipt for the date it was mailed. The only date the Referee can consider for the appeal is November 29, 2022. The provisions of [] Section [501(e)] of the [UC] Law are mandatory, and the Referee has no jurisdiction to allow an appeal filed after the expiration of the statutory appeal period.

(*Id.* at 171.) Therefore, the Referee dismissed Claimant's appeal. (*Id.* at 171-72.)

Claimant timely appealed the Referee's decision to the Board. (*Id.* at 179-82.) In his appeal to the Board, Claimant did not address any issues related to the Referee's dismissal of his appeal as untimely; instead, Claimant only argued he did not have an income during the weeks ending August 8, 2020, through August 15, 2020, and, thus, he should be eligible for LWA benefits for those weeks. (*Id.* at 184.) Additionally, Claimant attached to his appeal a bank statement, 1099-K Form, and weekly pay statements from his employer. (*Id.*) By decision dated October 5, 2023, the Board affirmed the Referee's decision dismissing Claimant's appeal as untimely, "adopt[ing] and incorporat[ing] the Referee's findings and conclusions." (*Id.* at 216.) Further, the Board denied Claimant UC benefits and established Claimant owes non-fraud overpayments of $4,290 in PUA benefits, $10,200 in FPUC benefits, and $900 in LWA benefits. (*Id.*)

On November 4, 2023, Claimant filed a Pro Se Letter with this Court, indicating his intent to appeal the Board's Order. Pursuant to this Court's November 17, 2023 Notice, Claimant filed an Ancillary Petition for Review. In the Ancillary Petition for Review, Claimant did not address the untimely appeal issue; instead, Claimant asserted that he did not work from March 15, 2020, through August 15, 2020, and provided documentation to support his contention that he did not work

4

those weeks. Following briefing from both parties, Claimant's Ancillary Petition for Review is ripe for disposition.

## II. DISCUSSION[3]

On appeal to this Court, Claimant only argues he is eligible for UC benefits because the documentation he provided supports his contention that he did not work from March 15, 2020, through August 15, 2020. In opposition, the Board argues Claimant did not address the sole issue before this Court—whether Claimant timely filed an appeal of the Determination—in either his Ancillary Petition for Review or brief. Consequently, the Board requests that this Court dismiss Claimant's Ancillary Petition for Review because Claimant waived the sole issue before this Court.

Generally, when a claimant does not address an issue in either his petition for review or brief, the issue is waived. *See, e.g.*, *Paul v. Pa. Pub. Util. Comm'n*, 299 A.3d 1069, 1078 (Pa. Cmwlth. 2023) (finding a petitioner waived an issue because the petitioner did not address the issue in either his petition for review or brief); *George v. Unemployment Comp. Bd. of Rev.*, 231 A.3d 1020, 1027 n.10 (Pa. Cmwlth. 2020) (same). Similarly, when a claimant does not address an issue before the Board, this Court's ability to review the issue is impaired, and the issue is waived. *See, e.g.*, *Crabbe v. Unemployment Comp. Bd. of Rev.*, 179 A.3d 1183, 1189-90 (Pa. Cmwlth. 2018) (finding a claimant waived an issue because the claimant did not address the issue before the Board); *Chapman v. Unemployment Comp. Bd. of Rev.*, 20 A.3d 603, 611 (Pa. Cmwlth. 2011) (same); *see also Gateway Sch. Dist. v. Dep't of Educ.*, 559 A.2d 118, 120 (Pa. Cmwlth. 1989) ("On appeal from a final order of

---

[3] This Court's review is limited to determining whether constitutional rights were violated, an error of law was committed, the agency's practices or procedures were violated, or the findings of fact were supported by substantial evidence. *See* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

an administrative agency, a reviewing court may address only those issues which were raised in exceptions to the agency.").

Here, the Board affirmed the Referee's decision dismissing Claimant's appeal of the Determination as untimely. However, Claimant does not address the issue of whether he timely filed an appeal of the Determination in either his Ancillary Petition for Review or brief. Likewise, Claimant did not address the untimely appeal issue before the Board. Consequently, the untimely appeal issue is waived. *See Paul*, 299 A.3d at 1078; *George*, 231 A.3d at 1027; *Crabbe*, 179 A.3d at 1189-90; *Chapman*, 20 A.3d at 611. Accordingly, because the untimely appeal issue is the sole issue before this Court and it is waived, we are constrained to conclude Claimant did not preserve any issues which we can address. *See Johnson v. Lansdale Borough*, 146 A.3d 696, 709 (Pa. 2016) (citation omitted) ("It is well-established that where the parties in a case fail to preserve an issue for appeal, an appellate court may not address the issue *sua sponte*.").

## III. CONCLUSION

For the foregoing reasons, we affirm.

_____
**RENÉE COHN JUBELIRER,** President Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bahaa Ateh,                  :

              Petitioner        :

                                 :

         v.                 :    No.  1436 C.D. 2023

                                 :

Unemployment Compensation     :

Board of Review,                :

             Respondent    :

## O R D E R

NOW, December 20, 2024, the Order of the Unemployment Compensation Board of Review, dated October 5, 2023, is **AFFIRMED**.

_____

**RENÉE COHN JUBELIRER,** President Judge