591 A.2d 1

**PENNSYLVANIA FISH COMMISSION, Petitioner,**

v.

**David W. JORDAN, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 30, 1990.

Decided May 2, 1991.

Dennis T. Guise, Chief Counsel, Harrisburg, for petitioner.

Edward M. Gleason, Jr., with him, Ira H. Weinstock, Ira H. Weinstock, P.C., Harrisburg, for respondent.

Before McGINLEY and BYER, JJ., and CRUMLISH, Jr., Senior Judge.

## OPINION

CRUMLISH, Jr., Senior Judge.

The Pennsylvania Fish Commission appeals a State Civil Service Commission (Commission) order (1) finding it had discriminated against David Jordan, and (2) directing it to compensate and promote Jordan to the next available foreman position. We reverse.

Jordan, a fish culturist since 1971, was not selected for seven promotions for which he applied. Jordan, evidently distressed with the Fish Commission administration, authored and distributed a petition critical of it and its superintendents.[1]

Subsequently, he applied for a superintendent position but was not selected. Jordan lodged a complaint with the Commission, and the Fish Commission agreed to repost the job. Jordan again applied but was not granted an interview. Thereafter, he applied for the position of fish foreman, for which he was rejected. Jordan then challenged *this* personnel decision, alleging discrimination, to the Civil Service Commission.

1. The petition referred to some superintendents as "twisted, overbearing and arbitrary Lords." Several other employees signed the petition.

After an evidentiary hearing, the Commission found discrimination in Jordan's non-selection for the position of foreman and ordered that Jordan be compensated at a foreman's salary and promoted to the next available position.

The Fish Commission argues, on appeal to this Court, that the Commission lacked jurisdiction because Jordan did not file a timely appeal. It maintains that Jordan did not contact the Commission regarding his failure to be selected as a superintendent, until forty-seven (47) days after the alleged discrimination. The Fish Commission also argues that Jordan did not file a formal appeal for more than six months after he was not selected as a foreman.

The Commission's decision exclusively considered Jordan's challenge to his non-selection for promotion to foreman.[2] The Commission found that Jordan's challenge was timely. We agree.

Jordan first became aware of alleged discrimination, as it applied to his non-selection for foreman, on December 2, 1988, when he received a letter notifying him that he was not selected. Jordan advised the Commission in writing on December 13, 1988, well within the twenty-day appeal period.[3] Section 951(b) of the Civil Service Act (Act) provides that a person aggrieved by an alleged violation of Section 905.1, prohibiting discriminatory personnel actions, may appeal in writing to the commission within twenty calendar days of the alleged violation. 71 P.S. § 741.951(b).

Having decided that Jordon's appeal to the Commission was timely, we must decide whether the Commission erred when it found Jordan was not promoted for discriminatory, non-merit factors.

2. The Commission merely considered the fact of Jordan's non-selection for superintendent as evidence which would tend to show discrimination in rejecting his application for foreman.

3. Although it is true that Jordan subsequently filed an appeal request form supplied by the Commission in June of 1989, we conclude his letter of December 13, 1988 sufficiently served as a written notification of a Section 905.1 violation.

Jordan argues that the Commission correctly found discrimination. He argues that he was not promoted because the Fish Commission was retaliating against him for the petition he circulated among his co-workers. The Commission did find that no employee who signed this petition had been promoted. (Commission Finding of Fact No. 18, Commission Adjudication, April 4, 1990).

■ However, the Fish Commission argues that Jordan's actions in conceiving, writing and distributing a petition which criticized his supervisors in disparaging language was an appropriate merit factor to consider with respect to his promotion.[4] We agree.

In *Sauers v. Commonwealth of Pennsylvania, Department of Public Welfare,* 76 Pa.Commonwealth Ct. 504, 464 A.2d 635 (1983), we held that an employee's action in inveighing against, complaining of and failing to support a supervisor's administrative decisions was not a non-merit factor. In *Sauers,* a county board of assistance employee sent a critical memorandum to his supervisor with copies to the county board. There, we noted that this type of conduct reached the point of insubordination. We also held that a supervisor, in giving a poor performance appraisal, could weigh against an employee, his statements about a manager.

Jordan's petition, which he circulated widely within the hatchery system, clearly inveighed against the supervisors' administrative abilities and evidenced Jordan's inability to agree with their management decisions. There is no direct evidence that Jordan's non-selection was a retaliatory decision. Accordingly, we hold that Jordan's conduct in composing and circulating the petition was an appropriate merit factor to be considered in his evaluation for promotion.

**4.** A civil service employee claiming discrimination in a personnel action has the burden of going forward with evidence to support such charges, and must show that he was discriminated against because of non-merit factors. Section 905.1; *Sebastiani v. Department of Transportation,* 75 Pa.Commonwealth Ct. 602, 462 A.2d 942 (1983).

■ Moreover, in *Connick v. Myers*, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983), the U.S. Supreme Court, considering a First Amendment challenge to a personnel action, upheld the termination of a federal civil service employee who circulated a questionnaire soliciting the views of fellow employees about office morale and confidence in their supervisors. The Supreme Court held that the questionnaire did not relate to matters of political or public concern and was not, therefore, protected free speech.

Surely, Jordan's petition, relating to the effectiveness of existing supervisors in the Pennsylvania hatchery system, does not relate to matters of political or public concern.

Accordingly, we reverse the Commission's order.

## ORDER

NOW, May 2, 1991, the order of the State Civil Service Commission, Appeal No. 8521, dated April 4, 1990, is reversed.