592 A.2d 830

**Daniel E. McGUIRE, Petitioner,**

v.

**DEPARTMENT OF AGING, Respondent.**

**Robert Daniel AINSCOUGH, Petitioner,**

v.

**DEPARTMENT OF AGING, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 1, 1990.

Decided June 7, 1991.

Debra K. Wallet, Camp Hill, for petitioners.

Earl R. Dryer, Deputy Counsel, for respondent.

Before CRAIG, President Judge, KELLEY, J., and BARBIERI, Senior Judge.

KELLEY, Judge.

Daniel E. McGuire and Robert Daniel Ainscough (petitioners) appeal from separate orders of the State Civil Service Commission (commission) which denied petitioners' requests for a hearing based on allegations of discrimination involving the issuance of written reprimands by their employer, the Department of Aging (DOA).[1] We affirm.

Petitioner McGuire is a regular status civil service employee who works for DOA as an Aging Services Supervisor. Petitioner Ainscough is a regular status civil service employee who works for DOA as the Director of the Bureau of Program and Field Operations.

In December of 1989, the Secretary of Aging, Linda M. Rhodes, issued separate letters captioned "written reprimand" to petitioners in which she reprimanded each petitioner for his role in obtaining a copy of a newspaper article and for his later use of that article to demean and embarrass two senior colleagues. The Secretary stated that the purpose of the reprimands was to alert each petitioner to the findings of the Inspector General regarding his actions, and to inform him that his conduct was not only inappropriate, but also actionable.

The Secretary further informed each petitioner that the reprimand would go into his personnel file and would remain there for one year. If, at the end of that time, there were no further incidents which would warrant any form of employment discipline, the letter would be removed from the file. The Secretary warned, however, that if such behavior continued, she would "take further disciplinary action, which could result eventually in termination of ... employment."

Each petitioner timely appealed his written reprimand to the commission, asserting that the action was discriminatory in that it was based on political affiliation and other non-

---

1. The cases were consolidated for argument before this Court. While the caption lists DOA as respondent, the commission submitted a brief and appeared at oral argument.

merit factors.[2]  On January 29, 1990, the commission, in separate orders, denied both appeals on the ground that a written reprimand was not an appealable personnel action pursuant to the Civil Service Act (Act).[3]  Petitioners now request that this Court review those determinations.

■ The sole issue in this case is whether a written reprimand constitutes an appealable personnel action under the Act.  Section 905.1 of the Act, 71 P.S. § 741.905a,[4] provides:

> No officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention *or any other personnel action* with respect to the classified service because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors.

(Emphasis added.)

The Act itself does not define "personnel action"; however, the commission has promulgated regulations, found at 4 Pa.Code § 105.2, which include a list of such actions.  The actions which require written notice under Section 105.2 are:

(1) Appointment.
(2) Promotion.
(3) Removal.
(4) Suspension.

2.  Both petitioners allege the following facts as the basis for the discrimination claim:
(1) The only ones disciplined in connection with the newspaper incident were petitioners, who are civil service employees.  None of the political appointees involved were disciplined.
(2) The investigation of the newspaper incident extended far beyond the incident itself and was conducted by someone outside of the DOA, unlike previous investigations.
(3) Neither petitioner was given an opportunity to discuss the matter with Ms. Rhodes prior to the imposition of discipline.

3.  Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §§ 741.1–741.1005.

4.  Section 905.1 was added by Section 25 of the Act of August 27, 1963, P.L. 1257.

(5) Demotion.

(6) Furlough.

(7) Retirement.

(8) Resignation.

(9) Transfer.

(10) Reassignment.

(11) Leave of absence.

(12) Extension or reduction of probationary period.

(13) Compensation changes, except salary increments, general pay increases, or special pay for such things as overtime or out-of-class work.

(14) Performance evaluation.

We have held that the above list is not an exclusive listing of all personnel actions appealable under Section 905.1 of the Act. *Department of General Services v. Johnson*, 45 Pa.Commonwealth Ct. 245, 405 A.2d 596 (1979). The fact that reprimands are not listed is therefore not dispositive. Petitioners argue that a written reprimand is a form of disciplinary action which can change the status of an employee, either immediately or in the future, thereby making it analogous to a negative performance evaluation report (PER) which is specifically listed as a personnel action under Section 105.2 of the regulations, 4 Pa.Code § 105.2. The commission, on the other hand, argues that the written reprimand is not analogous to a PER, but rather a legitimate exercise of managerial discretion, the utility of which would be impaired if found to be an appealable personnel action.

We note that our scope of review in civil service cases is limited to a determination of whether constitutional rights have been violated, an error of law was committed, or necessary findings of fact were unsupported by substantial evidence. *Ross v. Civil Service Commission*, 98 Pa.Commonwealth Ct. 565, 511 A.2d 941 (1986).

The purpose of the Act is set forth in Section 2, 71 P.S. § 741.2, which states:

Greater efficiency and economy in the administration of the government of this Commonwealth is the primary purpose of this act. The establishment of conditions of service which will attract to the service of the Commonwealth qualified persons of character and ability and their appointment and promotion on the basis of merit and fitness are means to this end.

The Act, therefore, has the dual purpose of promoting efficiency and economy while ensuring that personnel actions are taken on the basis of merit, and not discrimination. As one commentator has put it:

Certainly, persons will be more attracted to government service if they believe they are treated fairly, but greater efficiency of administration will not be achieved if appointing authorities are required to defend, against a charge of discrimination at a full blown due process hearing, every minor decision. To construe "personnel action" too broadly is to usurp management decisions....

Thus, the considerations of fair treatment of the employee and decision-making rights of management must be balanced cautiously.

Rand, *An Examination of Discrimination Under The Pennsylvania Civil Service Act,* 25 DUQ.L.REV. 209, 219 (1987).

We agree that the balance must be cautiously maintained, but believe that in this case, it tips in favor of management. It is generally conceded that not all actions by management are appealable. Actions such as a determination of which employee is assigned to a more desirous office space or assignment or change of routine duties are actions which, even if proved to be motivated by discrimination, would not trigger a hearing. In these instances, the balance weighs in favor of managerial discretion.

Petitioners seek to analogize the reprimand to a PER, which is an appealable action. A PER, however, is a formal document which remains in the employee's personnel file. Future promotions, assignment and, in a very real sense, the future of an employee's career depends on what is

contained in the PER. With good reason then, an employee has a right to challenge PER's which he alleges are discriminatory. In addition to the fact that PER's are specifically listed as an appealable action under the regulations, it is clear to us that, in the case of a PER, the balance favors the employee.

The written reprimands in this case are certainly of a more serious nature than such routine managerial actions as assignment of duties or office space, yet they are readily distinguishable from a PER. The reprimands are remedial in nature and are removed from the employee's file after one year if no further incidents warranting discipline occur. One court has characterized the ability to issue such reprimands as a "useful tool to help the administrator correct minor problems before they grow into major ones." *Holt v. Board of Education of Webutuk Central School District,* 52 N.Y.2d 625, 633, 439 N.Y.S.2d 839, 843, 422 N.E.2d 499, 503 (1981).

Our Supreme Court has held that written reprimands do not constitute an adjudication under the Local Agency Law, 2 Pa.C.S. § 752, and as such do not trigger the procedural protections of notice and a hearing as provided by that statute. *Guthrie v. Borough of Wilkinsburg,* 505 Pa. 249, 478 A.2d 1279 (1984). While recognizing the fact that the present case does not arise under the Local Agency Law, the reasoning is still applicable.[5]

The *Guthrie* court found that "[t]he mere theoretical effect on possible promotions or future employment is too abstract to constitute a property interest," and that "[n]either due process nor the Local Agency Law can be viewed to protect such remote, future, indirect or speculative rights." *Id.,* 505 Pa. at 257, 478 A.2d at 1282.

---

**5.** Similarly, this Court has recently held that a written reprimand issued to a police officer did not constitute a deprivation of property rights, and that no hearing was required either under the Local Agency Law or the Police Tenure Act, Act of June 15, 1951, P.L. 586, *as amended,* 53 P.S. §§ 811–816. *Terzuolo v. Board of Supervisors of Upper Merion Township,* 137 Pa.Commonwealth Ct. 353, 586 A.2d 480 (1991).

Furthermore, we believe that the *Guthrie* court recognized the need to "cautiously balance" the interests of employee and management when it stated that:

[F]orcing municipalities to hold a hearing every time it wishes to sanction an employee could have a deleterious effect. Public employers might choose to look the other way at some infractions rather than expend the time, trouble and expense of a hearing in each instance. The ultimate effect of such a policy would be to allow the performance and image of public employees to slowly deteriorate.

Today's holding allows municipalities the freedom to choose a middle ground between ignoring some infractions and imposing the more serious statutory sanctions such as discharge, demotion and suspension. We shall not disturb this balance by placing another layer of bureaucracy onto the already complex system of managing public employees.

*Id.,* 505 Pa. at 259, 478 A.2d at 1284.

█ Petitioners also assert that if not allowed to appeal the reprimands at this point in time, the reprimand could become the foundation for further disciplinary action, and that petitioners would be powerless to then attack the reprimand, even if it constituted the basis of the future action. We do not believe that this is the case.

In *Lehotzky v. State Civil Service Commission,* 82 Pa.Commonwealth Ct. 612, 477 A.2d 13 (1984), petitioner had received a letter of reprimand dated April 30, 1982. Her PER for May reflected a reduction in performance and incorporated the reprimand by reference. Lehotzky appealed the PER, which was then unilaterally withdrawn and expunged by the appointing authority, leaving only the letter of reprimand. The commission dismissed Lehotzky's appeal, finding it moot since the PER had been withdrawn, and the reprimand did not constitute an appealable personnel action.

On appeal, this Court reversed, holding that a challenge to the reprimand was proper as ancillary relief to the

appealed PER. We now hold that should a future appealable personnel action be based, in whole or in part, on the letter of reprimand, petitioners would be entitled to challenge the reprimand ancillary to the properly appealed personnel action.

■ Additionally, we believe that Section 951(b) of the Act, 71 P.S. § 741.951(b), would not preclude petitioners from challenging the reprimand ancillary to an appeal of a future personnel action. Section 951(b) provides that:

> Any person who is aggrieved by an alleged violation of section 905.1 of this act may appeal in writing to the commission within twenty calendar days of the alleged violation. Upon receipt of such notice of appeal, the commission shall promptly schedule and hold a public hearing.

Whatever future action might be taken by the appointing authority, whether it be an unfavorable PER, demotion, discharge or other appealable personnel action, would constitute the "alleged violation" mentioned in Section 951(b). The letter of reprimand would merely serve as evidence of that violation. Therefore, the twenty-day appeal period would commence to run from the time of the future action, and not from the receipt of the letter of reprimand.[6]

We conclude by admitting that valid concerns of both the employee and management weigh heavily on both sides of the scale in this case, making achievement of the "cautious balance" a difficult task. Nevertheless, we find that a letter of reprimand, without more, is not a "personnel action" which requires a hearing under the Act. If no further action is taken, the letter will be removed after one year, and petitioners will not have been harmed by it. If, on the other hand, the letter becomes the basis for a future,

---

**6.** This Court recently used a similar analysis in *Pennsylvania Fish Commission v. Jordan,* 139 Pa.Commonwealth Ct. 437, 591 A.2d 1 (1991), holding that when petitioner timely appealed his non-selection for promotion to foreman, the fact of his earlier non-selection for superintendent could be considered as evidence despite the fact that no timely appeal had been taken thereon.

appealable action, the reprimand could then be challenged ancillary to the future action.

Accordingly, the orders of the State Civil Service Commission are affirmed.

## ORDER

NOW, this 7th day of June, 1991, the orders of the State Civil Service Commission, Appeal Nos. 8743 and 8744, dated January 29, 1990, are affirmed.

BARBIERI, Senior Judge, dissenting.

Respectfully, I must dissent.

Pursuant to Section 905.1 of the Civil Service Act (Act),[1] a public employer shall not discriminate with respect to *any personnel action* against a person in the classified service on the basis of non-merit factors. A person, who is aggrieved by an alleged violation of this section, may, under Section 951(b) of the Act, 71 P.S. § 741.951(b), appeal the violation to the Civil Service Commission (Commission), which must hold a hearing on the matter. At this hearing, the only issue before the Commission is whether the employer discriminated against the employee, as alleged. *Sauers v. Department of Public Welfare*, 76 Pa.Commonwealth Ct. 504, 464 A.2d 635 (1983).

Unlike the majority, I believe that, for purposes of Section 905.1 of the Act, the written reprimand issued to each of these petitioners constituted a personnel action. In each petitioner's written reprimand, the Secretary of Aging, Linda M. Rhodes, stated that the reprimand was being issued to inform each petitioner that his conduct was inappropriate. The Secretary further stated that she was justified in issuing the reprimands because the conduct of each petitioner evidenced a lack of judgment for an official in his position. From this language, it is apparent that the reprimands were based upon each petitioner's ability to perform

1. Act of August 5, 1941, P.L. 752, *as amended,* added by Section 25 of the Act of August 27, 1963, P.L. 1257, 71 P.S. § 741.905a.

his duties and carry out his responsibilities competently. As such, in my opinion, they are analogous to performance evaluations which, according to Section 105.2 of the Commission's regulations, 4 Pa.Code § 105.2, are considered personnel actions.

As additional support for my opinion, I emphasize the warning given by the Secretary to each petitioner in his letter of reprimand that if his behavior continued, she would take further disciplinary action which could result eventually in termination of his employment. In other words, as with negative performance evaluations, further, more severe, disciplinary action could be taken against either petitioner based on his reprimand. To that extent, the written reprimands issued in these cases may prove job threatening in that if they are allowed to stand, even though they may have been discriminatorily issued in contravention of the Act, they could provide the Department of Aging (DOA) with a foundation for the termination of either petitioner's employment. With that in mind, I would label these written reprimands as very serious personnel actions.

Another reason why I believe that, for purposes of Section 905.1 of the Act, the written reprimands issued in these cases constitute appealable personnel actions, is because, here, petitioners are not appealing the merits of their reprimands. Instead, they are requesting the Commission to review the *issuance* of the reprimands on the basis that they were discriminatorily issued. The fact that petitioners merely seek hearings on their allegations of discrimination and not on the content of their reprimands leads me to tip the balance, as described in the majority opinion, in favor of petitioners.

Finally, contrary to the majority, I do not think that managerial discretion can be impaired in any way by allowing the instant appeals inasmuch as managerial discretion most assuredly is not intended to embrace or shield discrimination in any form, including, of course, alleged discriminatorily issued written reprimands. In short, public employers should not be allowed to hide behind the concept of

"managerial discretion" when discrimination is alleged as a means of tipping the scale of justice in their favor.