# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean M. Donahue, :
               Petitioner :
        :
           v. : No. 325 M.D. 2024
        : Submitted: April 8, 2025
Pennsylvania Department of Human :
Services and Pennsylvania State :
Civil Service Commission, :
             Respondents :

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                FILED: July 7, 2025

Sean M. Donahue, pro se, petitions for review of the Order of the Pennsylvania State Civil Service Commission (Commission), issued May 21, 2024, in this Court's original and appellate jurisdictions (Petition). Before the Commission, Mr. Donahue filed an appeal and hearing request (Appeal Request), seeking to challenge counseling and retraining the Luzerne County Assistance Office of the Pennsylvania Department of Human Services (DHS) required Mr. Donahue to complete as an Income Maintenance Caseworker, probationary status. In the Order, the Commission denied the Appeal Request because the mandated counseling and retraining are not appealable personnel actions under Act 71 of 2018, commonly known as the Civil Service Reform Act (CSRA),[1] and the Rules of

---

[1] Act of June 28, 2018, P.L. 460, No. 71, 71 Pa.C.S. §§ 2101-5958. The CSRA repealed the remaining provisions of the Civil Service Act of August 5, 1941, P.L. 752, *formerly*, 71 P.S. §§ 741.4-742.4.

Classified Service Employment.[2]  In the dual jurisdiction Petition, Mr. Donahue seeks two writs of prohibition and two writs of mandamus against DHS and one writ of mandamus against the Commission in the Court's original jurisdiction, in addition to reversal of the Order in the Court's appellate jurisdiction.

Also before the Court is DHS's Application for Summary Relief (Application), pursuant to Pennsylvania Rule of Appellate Procedure 1532(b), Pa.R.A.P. 1532(b).  In the Application, DHS asks the Court to dismiss the Petition because Mr. Donahue lacks standing to bring the writs he seeks against DHS.

Upon review, we grant the Application and dismiss the Petition to the extent it seeks writs of prohibition and mandamus against DHS for lack of standing to maintain the action.  Further, we dismiss the Petition to the extent it seeks a writ of mandamus to compel the Commission to hold a hearing on the Appeal Request in the Court's original jurisdiction because review of the Order is properly within the Court's appellate jurisdiction.  Finally, we affirm the Commission's Order because the Commission did not err in concluding that the counseling and retraining are not appealable personnel actions under the CSRA or any corresponding regulations.

## I.    BACKGROUND

At all relevant times, Mr. Donahue, a United States Army veteran, was an Income Maintenance Caseworker, probationary status, with DHS's Luzerne County Assistance Office.  While in that role, Mr. Donahue met with a client on February 23, 2024, during which the client became aggravated.  Subsequently, DHS requested that Mr. Donahue provide a "witness statement" of the incident, which DHS

---

[2] 4 Pa. Code §§ 601a-607a.  The Rules of Classified Service Employment were temporary regulations that expired on March 12, 2025.  52 Pa. Bull. 1454 (March 12, 2022); 55 Pa. Bull. 2035 (March 8, 2025).  At the time of the Order, the Rules of Classified Service Employment were still in effect.

gathered "to break down what happened and evaluate for [w]orkplace [v]iolence." (Certified Record (C.R.) at 8; *see also id.* at 49.)[3] In response, Mr. Donahue instead provided DHS with an "Affidavit of Facts," which included the client's full name and the benefits the client received (Affidavit). (*Id.* at 51.) Mr. Donahue also circulated the Affidavit to the Commission and numerous other individuals.

Because Mr. Donahue disclosed the client's name and benefits outside of DHS, on March 28, 2024, DHS met with Mr. Donahue to review its policies and to provide counseling on the release of confidential client information. During the meeting, DHS reviewed with Mr. Donahue its policies regarding the Health Insurance Portability and Accountability Act of 1996 (HIPAA),[4] and requested Mr. Donahue to retake the Office of Information Management Code of Conduct training. Further, DHS informed Mr. Donahue that the meeting did not regard employment termination, DHS did not charge him with any violation of its policies or the Code of Conduct, and his personnel file would not reflect the counseling and retraining. Rather, DHS wanted to ensure that Mr. Donahue understood its policies and the Code of Conduct moving forward.

On April 14, 2024, Mr. Donahue filed the Appeal Request with the Commission, seeking to remove any discipline, remove an employee performance review, and a "[d]eclaration that it was unnecessary to order [him] to retake training on the Code of Conduct for violating HIPAA because (a) [he] did not violate HIPAA and (b) because it is the Site Administrator and the Supervisors who misunderstand HIPAA and who are also violating the Code of Conduct." (C.R. at 3.) Regarding the "type of action being appealed," Mr. Donahue indicated eligibility, an employee

---

[3] For convenience, the citations to the Certified Record reflect electronic pagination.

[4] Pub. L. 104-191, 110 Stat. 1936 (codified as amended in scattered sections of Titles 18, 26, 29, and 42 of the United States Code).

performance review, a denial of his veterans' preference,[5] his non-appointment or promotion to "Income Maintenance Caseworker and positions above that," and explained that he "was retaliated against for filing [the Affidavit] and complaints with [the Commission]." (*Id.* at 4.) Mr. Donahue also alleged that DHS discriminated against him through violations of the CSRA and its corresponding regulations, retaliation, disparate treatment, and other non-merit factors.

On May 21, 2024, the Commission denied the Appeal Request. In the Order, the Commission explained that the Appeal Request related to the counseling Mr. Donahue received on March 28, 2024, and his subsequent retraining on the Code of Conduct. The Commission further explained, however, that counseling and retraining are not appealable "personnel actions" under the CSRA or the Rules of Classified Service Employment. (Order at 1.) Therefore, the Commission denied the Appeal Request for lack of an appealable action.

Mr. Donahue now petitions for review of the Order in the Court's original and appellate jurisdictions and seeks writs of prohibition and mandamus against DHS and the Commission.

## II.    DISCUSSION

Before the Court addresses whether the Commission erred or abused its discretion in denying the Appeal Request for lack of an appealable personnel action, we consider the writs Mr. Donahue seeks against DHS in the Court's original jurisdiction and DHS's Application in response.

---

[5] Veterans' preference refers to the Veterans' Preference Act, 51 Pa.C.S. §§ 7101.1-7111.

*A. Application for Summary Relief*

1. Legal Standard

Pursuant to Pennsylvania Rule of Appellate Procedure 1532(b), "[a]t any time after the filing of a petition for review in an appellate or original jurisdiction matter, the court may on application enter judgment if the right of the applicant thereto is clear." Pa.R.A.P. 1532(b). "Summary relief on a petition for review is similar to the relief provided by a grant of summary judgment." *Scarnati v. Wolf*, 173 A.3d 1110, 1118 (Pa. 2017). Accordingly, the Court will grant summary relief only when the moving "party's right to judgment is clear and no material issues of fact are in dispute." *Cook v. Pa. Lab. Rels. Bd.*, 315 A.3d 885, 895 (Pa. Cmwlth. 2022) (citation omitted). Furthermore, "[t]he record is to be viewed in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." *Scarnati*, 173 A.3d at 1118.

2. Analysis

In the Petition, Mr. Donahue seeks two writs of prohibition[6] and two writs of mandamus[7] against DHS in the Court's original jurisdiction. Specifically, Mr.

_____

[6] "A writ of prohibition, the purpose of which is to protect a party from enduring a hearing or trial before a tribunal that has absolutely no power to deal with the subject matter before it, is an extraordinary remedy that lies within the court's discretion and will be issued only with extreme caution." *Independence Blue Cross v. Pa. Ins. Dep't*, 670 A.2d 221, 223 (Pa. Cmwlth. 1996). A writ of prohibition "is available only if the petitioning party has established that it has an extreme necessity for such a remedy and that there exists no other adequate remedy at law." *Id.* "The writ is not appropriate where relief may be sought through ordinary avenues of judicial review." *Chester Cmty. Charter Sch. v. Dep't of Educ.*, 996 A.2d 68, 79 (Pa. Cmwlth. 2010).

[7] "Mandamus is an extraordinary remedy used to compel the performance of a ministerial act or mandatory duty where a petitioner establishes (1) a clear right to relief, (2) a corresponding duty in the respondent, and (3) a lack of any other adequate and appropriate remedy at law." *Romig v. Wetzel*, 309 A.3d 1108, 1112-13 (Pa. Cmwlth. 2024). "The purpose of mandamus is not to establish rights or to compel performance of discretionary acts but, instead, to enforce rights that have been clearly established." *Id.*

5

Donahue requests that the Court prohibit DHS from using HIPAA and the Code of Conduct to prevent DHS's employees from submitting affidavits of fact to the legislative, executive, and judicial branches of government. Further, Mr. Donahue requests that the Court prohibit DHS from requiring him to issue various benefits when he finds the applicant's financial disclosures suspect. Additionally, Mr. Donahue requests that the Court compel DHS to appoint him to regular status from probationary status and to provide specific standards regarding the tasks Mr. Donahue must complete on a daily basis in his role as an Income Maintenance Caseworker. Mr. Donahue argues the Court should grant the above writs because DHS illegally retaliated against him for providing the Affidavit to the Commission, and DHS's policies prohibit the lawful disclosure of information outside DHS via affidavits in violation of the United States Constitution, the Pennsylvania Constitution, and various Pennsylvania statutes.

In opposition, DHS filed the Application, arguing that the Court should dismiss the Petition against DHS because Mr. Donahue lacks standing to bring the writs as he was not aggrieved by any DHS action. DHS argues that Mr. Donahue was not aggrieved by the mandated counseling and retraining as the counseling and retraining were not disciplinary actions and had no adverse impact on his employment with DHS. Likewise, DHS argues that Mr. Donahue was not aggrieved by its policies because he did not allege any adverse consequences from the policies and the policies do not violate the United States Constitution, the Pennsylvania Constitution, or any Pennsylvania statutes.

It is well settled that as a prerequisite to judicial resolution of a controversy, a party must establish standing to maintain the action. *Bergdoll v. Kane*, 731 A.2d 1261, 1268 (Pa. 1999) (citing *Nye v. Erie Ins. Exchange*, 470 A.2d 98, 100 (Pa.

6

1983)). The "core concept" of standing in the Commonwealth is that the party seeking judicial resolution of an action is "aggrieved." *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 346 A.2d 269, 280 (Pa. 1975). "In determining whether a party is aggrieved, courts consider whether the litigant has a substantial, direct, and immediate interest in the matter." *Markham v. Wolf*, 136 A.3d 134, 140 (Pa. 2016). A party has a substantial interest if the litigant's interest in the outcome of the action exceeds "the common interest of all citizens in procuring obedience to the law." *Shirley v. Pa. Legis. Reference Bureau*, 318 A.3d 832, 852 (Pa. 2024) (citation omitted). A party has a direct interest if "the matter complained of caused harm to the party's interest." *Id.* Finally, a party has an immediate interest if there is a "causal connection" between the challenged action and the party's injury that "is not remote or speculative." *Id.*

Here, we are compelled to dismiss the Petition to the extent it requests writs of prohibition and mandamus against DHS because Mr. Donahue lacks standing to bring the writs as he is not aggrieved by any DHS action or policy. As an initial matter, although Mr. Donahue seeks writs of prohibition and mandamus regarding various issues, Mr. Donahue only alleges that he is aggrieved by the counseling and retraining DHS required Mr. Donahue to complete because he disseminated the Affidavit outside of DHS and DHS's policies prohibiting such disseminations of affidavits. Consequently, we are constrained to conclude that Mr. Donahue did not establish, and thus lacks, standing to maintain the writ of prohibition against DHS related to the issuance of benefits and the writs of mandamus against DHS related to Mr. Donahue's employment status and clarity on the daily tasks he must complete in his role as an Income Maintenance Caseworker. *See Bergdoll*, 731 A.2d at 1268.

7

Regarding the remaining writ of prohibition against DHS, Mr. Donahue lacks standing to maintain the writ for the following reasons. To start, Mr. Donahue lacks a direct interest in the action because the mandated counseling and retraining did not cause harm to Mr. Donahue's employment interests. Following Mr. Donahue's disclosure of confidential client information outside of DHS, DHS met with Mr. Donahue and required him to complete counseling on HIPAA and retraining on the Code of Conduct. DHS emphasized to Mr. Donahue that the meeting did not regard termination of his employment, and that DHS did not charge him with any violation of its policies or the Code of Conduct. Further, DHS informed Mr. Donahue that the counseling and retraining would not appear on his personnel file. Rather, DHS merely wanted to ensure that Mr. Donahue understood the requirements of HIPAA and the Code of Conduct moving forward in his role as a probationary Income Maintenance Caseworker. Therefore, Mr. Donahue lacks standing to maintain the writ based on the mandated counseling and retraining because he is not aggrieved as the counseling and retraining did not harm his employment interests.

Nevertheless, Mr. Donahue maintains that he established standing because DHS illegally retaliated against him in violation of Sections 4952(a)(1) through (4), 4953(a), and 4957(a) and (b) of the Crimes Code,[8] Section 3(a) and (b) of the Whistleblower Law,[9] and Section 2704 of the CSRA[10] by requiring him to complete the counseling and retraining and informing him that he would face future discipline for future disseminations of affidavits. We disagree. First, Mr. Donahue is not aggrieved by any alleged violation of Sections 4952(a)(1) through (4), 4953(a), and 4957(a) and (b) of the Crimes Code because these sections are not applicable to the

---

[8] 18 Pa.C.S. §§ 4952(a)(1)-(4), 4953(a), 4957(a)-(b).
[9] Act of Dec. 12, 1986, P.L. 1559, *as amended*, 43 P.S. § 1423(a)-(b).
[10] 71 Pa.C.S. § 2704.

instant case. Specifically, Section 4952(a)(1) through (4) of the Crimes Code does not apply because Mr. Donahue is not a witness or victim in a criminal proceeding as it relates to the Affidavit and his employment with DHS. *See* 18 Pa.C.S. § 4952(a)(1)-(4). Similarly, Section 4953(a) of the Crimes Code does not apply because Mr. Donahue was not a "witness, victim, or a party in a civil matter" when DHS allegedly retaliated against him for circulating the Affidavit outside of DHS. *See* 18 Pa.C.S. § 4953(a). Finally, Section 4957(a) and (b) of the Crimes Code does not apply as DHS did not allegedly retaliate against Mr. Donahue "because [he] attend[ed] court by reason of being a victim of, or a witness to, a crime or a member of such victim's family." *See* 18 Pa.C.S. § 4957(a)-(b).

Second, Mr. Donahue is not aggrieved by any alleged violation of Section 3(a) and (b) of the Whistleblower Law because DHS did not "discharge, threaten or otherwise discriminate or retaliate against" Mr. Donahue regarding his employment interests because he disseminated the Affidavit outside of DHS.[11] 43 P.S. § 1423(a)-(b). As discussed above, DHS did not terminate Mr. Donahue or charge him with a violation of its policies or the Code of Conduct because of the Affidavit, and DHS did not list the counseling and retraining on his personnel file. Rather, DHS merely wanted to ensure that Mr. Donahue understood its HIPAA policies and the Code of Conduct going forward. Further, Mr. Donahue's allegations of threatened future discipline regarding the circulation of future affidavits outside of DHS are speculative and insufficient to establish standing under Section 3(a) and (b) of the Whistleblower Law. *See Gates v. City of Pittsburgh Historic Rev. Comm'n*, 254

---

[11] Moreover, Mr. Donahue is not aggrieved under Section 3(b) of the Whistleblower Law as DHS did not allegedly retaliate against him because he was "requested by an appropriate authority to participate in an investigation, hearing or inquiry held by an appropriate authority or in a court action." 43 P.S. § 1423(b).

9

A.3d 803, 810 (Pa. Cmwlth. 2021) ("Mere allegations of speculative future harm are insufficient to establish standing."). Future, speculative harm is insufficient because the Whistleblower Law requires employees to establish that "**prior to** the alleged reprisal, the employee or a person acting on behalf of the employee **had reported** or **was about to report** in good faith, verbally or in writing, an instance of wrongdoing or waste to the employer or an appropriate authority." Section 4(b) of the Whistleblower Law, 43 P.S. § 1424(b) (emphasis added). Accordingly, Mr. Donahue lacks standing to maintain the Petition under Section 3(a) and (b) of the Whistleblower Law because he is not aggrieved as he lacks a direct and immediate interest in the action.[12]

Third, we cannot conclude that Mr. Donahue established standing by any alleged violation of Section 2704 of the CSRA, which provides that "[a]n officer or employee of the Commonwealth may not discriminate against an individual in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of race, gender, religion, disability or political, partisan or labor union affiliation or other non[-]merit factors." 71 Pa.C.S. § 2704. Mr. Donahue lacks standing under Section 2704 of the CSRA because, again, Mr. Donahue is not aggrieved by the counseling and retraining or any speculative future discipline. Moreover, Mr. Donahue does not

---

[12] Mr. Donahue further argues in his appellate briefs that he established standing to bring the writs because DHS fired him in retaliation for filing complaints and affidavits with the Commission and for unsatisfactory performance after distracting him from performing his work by requiring him to complete the counseling and retraining. However, Mr. Donahue's alleged termination occurred three months after he filed the Petition, and he has not sought to amend the Petition. Therefore, Mr. Donahue's alleged termination cannot form the basis of his standing to bring the writs against DHS as he was not aggrieved by the alleged termination at the time he filed the Petition. *See Shirley*, 318 A.3d at 852 (explaining a "causal connection" between the challenged action and alleged harm is required to establish standing); *Bergdoll*, 731 A.2d at 1268 (stating that standing is a prerequisite to maintaining an action).

allege how DHS discriminated against him "because of race, gender, religion, disability or political, partisan or labor union affiliation or other non[-]merit factors." *Id.* Therefore, Mr. Donahue did not establish how he is aggrieved under Section 2704 of the CSRA.

Finally, Mr. Donahue maintains that he is aggrieved, and thus established standing, because DHS violated the United States Constitution, the Pennsylvania Constitution, Sections 4901, 4902(a) and (b), and 4904 of the Crimes Code,[13] and Section 2702 of the CSRA.[14] In essence, Mr. Donahue argues that DHS's policies prohibit him from disclosing via an affidavit information that he deems relevant to a potential administrative, civil, or criminal proceeding. According to Mr. Donahue, these policies violate his constitutional rights to due process and to pursue grievances before the courts under the First and Fifth Amendments of the United States Constitution[15] and article I, sections 1, 9, 11, and 20 of the Pennsylvania Constitution.[16] Additionally, Mr. Donahue contends that these policies pressure him to commit perjury by omission in violation of Sections 4901, 4902(a) and (b), and 4904 of the Crimes Code and Section 2702 of the CSRA.

We disagree. Any alleged harm from any DHS policy prohibiting disclosure of information outside of DHS is contingent upon future events. Accordingly, Mr. Donahue lacks an immediate interest in the instant matter, and therefore standing, based on these speculative future harms. *See Pittsburgh Palisades Park, LLC v. Commonwealth*, 888 A.2d 655, 660 (Pa. 2005) (concluding petitioners lacked standing based upon potential harm that was "wholly contingent on future events");

---

[13] 18 Pa.C.S. §§ 4901, 4902(a)-(b), 4904.

[14] 71 Pa.C.S. § 2702.

[15] U.S. CONST. amends. I, V.

[16] PA. CONST. art. I, §§ 1, 9, 11, 20.

11

*Gates*, 254 A.3d at 810. Moreover, the record is devoid of any specific instance where DHS prevented Mr. Donahue from providing any information in an affidavit to the relevant authorities, such that DHS violated Mr. Donahue's rights to due process and to pursue grievances or that DHS pressured Mr. Donahue to perjure himself by omission. Thus, Mr. Donahue lacks standing based on his constitutional and perjury claims.

Accordingly, we grant the Application and dismiss the Petition to the extent it seeks writs of prohibition and mandamus against DHS because Mr. Donahue lacks standing to maintain the writs.[17]

### B. Review of the Commission's Order

We turn next to Mr. Donahue's petition for review of the Order addressed to the Court's original and appellate jurisdictions.[18] However, before we address whether the Commission erred or abused its discretion in denying the Appeal Request for lack of an appealable personnel action, we address the Commission's arguments that Mr. Donahue is precluded from pursuing a writ of mandamus to compel the Commission to hold a hearing regarding the Appeal Request and waived appellate review of the Order.

---

[17] Because we conclude that Mr. Donahue lacks standing to seek the writs against DHS, we do not address DHS's arguments that Mr. Donahue failed to state a claim for a writ of prohibition or mandamus.

[18] Our review "is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, whether the provisions of 2 Pa.C.S. §§ 501-508 (related to practice and procedure of Commonwealth agencies) have been violated, or whether the factual findings are supported by substantial evidence." *Allen v. State Civil Serv. Comm'n*, 992 A.2d 924, 927 n.2 (Pa. Cmwlth. 2010). Additionally, the Commission's decision to deny an appeal request "is a matter of administrative discretion and as such will only be reversed for an abuse of discretion." *Reck v. State Civil Serv. Comm'n*, 992 A.2d 977, 979 (Pa. Cmwlth. 2010).

1. Writ of Mandamus

The Commission argues that pursuant to our Supreme Court's plurality decision in *Pennsylvania Department of Aging v. Lindberg*, 469 A.2d 1012 (Pa. 1983), Mr. Donahue is precluded from pursuing a writ of mandamus to compel the Commission to hold a hearing regarding the Appeal Request in the Court's original jurisdiction because review of the Order denying the Appeal Request is within the Court's appellate jurisdiction. We agree.

It is firmly established that this Court lacks original jurisdiction over matters properly within the Court's appellate jurisdiction. *Lindberg*, 469 A.2d at 1015 ("[T]he Commonwealth Court's original jurisdiction of actions against the Commonwealth is limited to those not within its Section 763 appellate jurisdiction over appeals from Commonwealth agencies . . . ."). It is also well established that "an action to compel an administrative agency which has finally denied a request for hearing to hold one is, as a matter of statutory interpretation, addressed to the appellate jurisdiction of Commonwealth Court under Section 763 of the Judicial Code, not an action 'originally' commenced in Commonwealth Court." *O'Brien v. State Emps.' Ret. Sys.*, 469 A.2d 1008, 1011 (Pa. 1983). An agency's order finally denies a hearing request, and thus falls within the Court's appellate jurisdiction, if it "disposes of all claims and of all parties" or "is entered as a final order" following a determination of finality by the agency. Pennsylvania Rule of Appellate Procedure 341(b)(1), (3), Pa.R.A.P. 341(b)(1), (3). Accordingly, if an agency order finally denies a hearing request, review of the order is properly within the Court's appellate jurisdiction, and we will dismiss any concurrent review addressed to our original jurisdiction. *See Tran v. State Sys. of Higher Educ.*, 986 A.2d 179, 184 (Pa. Cmwlth.

13

2009) (dismissing a petition for review addressed to the Court's original jurisdiction because the matter fell under our appellate jurisdiction).

Here, we are compelled to dismiss the Petition to the extent it seeks a writ of mandamus in the Court's original jurisdiction to compel the Commission to hold a hearing on the Appeal Request because the Order denying the Appeal Request is a final, appealable order within our appellate jurisdiction. *See Lindberg*, 469 A.2d at 1015; *O'Brien*, 469 A.2d at 1011-12. Through its denial of the Appeal Request, the Commission's Order disposed of the entirety of Mr. Donahue's claims and the parties. *See* Pa.R.A.P. 341(b)(1). Therefore, the Petition is properly within the Court's appellate jurisdiction and excluded from our original jurisdiction because the Order finally denied the Appeal Request. *See Lindberg*, 469 A.2d at 1015; *O'Brien*, 469 A.2d at 1011-12. Consequently, we dismiss the Petition to the extent it seeks a writ of mandamus to compel the Commission to hold a hearing on the Appeal Request.

2. Waiver of Appellate Review

Next, the Commission maintains that Mr. Donahue waived appellate review of the Order because the Petition does not contain a general statement of Mr. Donahue's objections to the Order pursuant to Pennsylvania Rule of Appellate Procedure 1513(d)(5), Pa.R.A.P. 1513(d)(5). Additionally, the Commission argues that Mr. Donahue waived appellate review of the Order because he did not provide any specific objections to the Order in either his Petition or appellate brief. (Commission's Br. at 8 (citing *Deal v. Unemployment Comp. Bd. of Rev.*, 878 A.2d 131, 133 (Pa. Cmwlth. 2005)).) Thus, the Commission argues the Court should dismiss the Petition addressed to the Court's appellate jurisdiction on this basis.

14

When a petition for review is addressed to the Court's appellate jurisdiction, the petition must contain, among other things, "a general statement of the objections to the order or other determination." Pa.R.A.P. 1513(d)(5). However, "the omission of an issue from the statement shall not be the basis for a finding of waiver if the court is able to address the issue based on the certified record." *Id.* Therefore, the Court will not find an issue waived if we are able to address it based on the certified record. *See id.*; *Kurpiewski v. Workers' Comp. Appeal Bd. (Caretti, Inc.)*, 202 A.3d 870, 885 n.12 (Pa. Cmwlth. 2019); *Burda v. Pa. Jud. Conduct Bd.*, 175 A.3d 1138, 1139 n.2 (Pa. Cmwlth. 2017).

Here, although Mr. Donahue does not address whether the Commission erred or abused its discretion in denying the Appeal Request for lack of an appealable personnel action beyond his general request that the Court reverse the Order, we are able to meaningfully address the issue based on the Certified Record. Accordingly, we conclude that Mr. Donahue did not waive appellate review of the Order, and we will address the above issue to the extent we are able to do so based on the Certified Record. *See* Pa.R.A.P. 1513(d)(5); *Kurpiewski*, 202 A.3d at 885 n.12; *Burda*, 175 A.3d at 1139 n.2.

### 3. Order Denying Appeal Request

Although Mr. Donahue does not specifically state in the Petition or argue in his principal appellate brief why the Commission erred or abused its discretion in denying the Appeal Request for a lack of an appealable personnel action, it is clear from the Certified Record that Mr. Donahue contends the counseling and retraining are appealable personnel actions because they are disciplinary actions. (*See, e.g.*, C.R. at 3 (seeking via the Appeal Request to remove discipline); *id.* at 5 (describing the counseling and retraining as a reprimand and punishment for the Affidavit); *id.*

15

at 75 (describing the counseling and retraining as discipline); *see also* Mr. Donahue's 12/08/2024 Reply Br. at 7 (describing the counseling as an "oral reprimand")). In opposition, the Commission argues "[t]he concept of formal counseling and mandated retraining are aspects of an employee's training process and are meant as remedial useful tools to help management correct problems." (Commission's Br. at 11.) Thus, the Commission argues the counseling and retraining are not appealable personnel actions under the CSRA or the Rules of Classified Service Employment because they "are lesser exercises of managerial discretion." (*Id.*)

Under Section 3003(7)(ii) of the CSRA, 71 Pa.C.S. § 3003(7)(ii), probationary civil service employees, such as Mr. Donahue, may appeal certain actions of their employers to the Commission.[19] Specifically, "[a] person who is aggrieved by an alleged violation of [S]ection 2704 (relating to prohibition of discrimination) may appeal in writing to the [C]ommission within 20 calendar days of the alleged violation. Upon receipt of the notice of appeal, the [C]ommission

---

[19] Section 3003(7)(i) of the CSRA provides a second way for civil service employees to appeal certain actions of their employers to the Commission:

> A regular employee in the classified service may, within 20 calendar days of receipt of notice from the appointing authority, appeal in writing to the [C]ommission a permanent separation, suspension for cause, furlough or demotion on the grounds that the action has been taken in the employee's case in violation of the provisions of this part. Upon receipt of the notice of appeal, the commission shall promptly schedule and hold a public hearing.

71 Pa.C.S. § 3003(7)(i). However, Section 3003(7)(i) is not applicable here for two reasons. First, Mr. Donahue is not a regular civil service employee; rather, in the Appeal Request, Mr. Donahue identifies himself as a probationary civil service employee. (C.R. at 3.) Second, the Appeal Request does not allege that the Commission permanently separated, suspended for cause, furloughed, or demoted Mr. Donahue. Therefore, Mr. Donahue may only appeal the counseling and retraining under Section 3003(7)(ii) of the CSRA.

16

shall promptly schedule and hold a public hearing." 71 Pa.C.S. § 3003(7)(ii). Pursuant to Section 2704 of the CSRA, "[a]n officer or employee of the Commonwealth may not discriminate against an individual in recruitment, examination, appointment, training, promotion, retention or any other **personnel action** with respect to the classified service because of race, gender, religion, disability or political, partisan or labor union affiliation or other non[-]merit factors." 71 Pa.C.S. § 2704 (emphasis added). As Section 2704 of the CSRA suggests, "[w]here there is no personnel action cognizable under the [CSRA], there can be no discrimination over which the Commission has jurisdiction." *Aurand v. State Civil Serv. Comm'n (Dep't of Env't Prot.)*, 768 A.2d 353, 356 (Pa. Cmwlth. 2000) (citation omitted).[20] And "[n]ot every occurrence is a personnel action." *Id.* (citation omitted). Accordingly, notwithstanding the mandatory language contained in Section 3003(7)(ii) of the CSRA, the Commission may deny an appeal without a hearing if the appeal request form does not seek review of a cognizable personnel action. *See McGuire v. Dep't of Aging*, 592 A.2d 830, 834 (Pa. Cmwlth. 1991); *see also Reck v. State Civil Serv. Comm'n*, 992 A.2d 977, 979 (Pa. Cmwlth. 2010) ("The Commission is authorized to dismiss an appeal, *sua sponte,* without a hearing if the appeal request form fails to state a claim.").

Although the CSRA does not define "personnel action," Section 606a.1 of the Rules of Classified Service Employment includes a list of such actions:

(1) Appointment.

(2) Promotion.

---

[20] In *Aurand*, the Court examined personnel actions under Section 905.1 of the Civil Service Act of August 5, 1941, P.L. 752, *formerly*, 71 P.S. § 741.905a, which is the predecessor and equivalent provision to Section 2704 of the CSRA.

(3) Removal, including the removal of a probationary employee before the expiration of the probationary period.

(4) Suspension.

(5) Acceptance of resignation.

(6) Demotion.

(7) Furlough.

(8) Transfer.

(9) Reassignment.

(10) Leave of absence.

(11) Extension or reduction of probationary period.

(12) Compensation changes, except salary increments, general pay increases, or special pay for such things as overtime or out-of-class work.

(13) Performance evaluation.

(14) Reclassification.

(15) Return to a position or job classification held prior to promotion.

4 Pa. Code § 606a.1; *see also* Section 614.1 of the Office of Administration's Civil Service Reform Regulations, 4 Pa. Code § 614.1 (providing the same list); Section 105.2 of the Rules of the Civil Service Commission, 4 Pa. Code § 105.2 (same).[21]

---

[21] At the time of the Appeal Request and Order, the temporary Rules of Classified Service Employment were still in effect, which included Section 606a.1. On March 12, 2025, the Rules of Classified Service Employment expired, and the Office of Administration's Civil Reform Regulations became effective. 55 Pa. Bull. 2035 (March 8, 2025). The Office of Administration's Civil Reform Regulations "incorporates most of the provisions contained in the [Rules of Classified Service Employment] temporary regulations," including the list of personnel actions contained in Section 606a.1. *Id.*

However, the above list is not an exhaustive list of all appealable personnel actions under Section 2704 of the CSRA. *See McGuire*, 529 A.2d at 831. Accordingly, the fact that counseling and retraining are not listed in Section 606a.1 of the Rules of Classified Service Employment is not dispositive.

The Court's decision in *McGuire* is particularly instructive here. In *McGuire*, the petitioners challenged whether the Commission erred or abused its discretion in denying hearing requests based on the Commission's conclusion that the contested written reprimands were not personnel actions. *Id.* at 831. The petitioners argued the reprimands were "a form of disciplinary action which can change the status of an employee, either immediately or in the future, thereby making it analogous to a negative performance evaluation." *Id.* at 832. The Court disagreed and affirmed the Commission's order, reasoning that reprimands were "readily distinguishable" from performance evaluations. *Id.* The Court explained that performance evaluations, "[w]ith good reason," are personnel actions because they are "formal document[s] which remain[] in the employee's personnel file" and affect "[f]uture promotions, assignment and, in a very real sense, the future of an employee's career." *Id.* In contrast, "reprimands are remedial in nature" and a "useful tool to help the administrator correct minor problems before they grow into major ones." *Id.* (quoting *Holt v. Bd. of Educ. of Webutuk Cent. Sch. Dist.*, 422 N.E.2d 499, 503 (N.Y. 1981)). Therefore, the Court concluded that "a letter of reprimand, without more, is not a 'personnel action' which requires a hearing under the [CSRA]." *Id.* at 834.

Here, we conclude that the Commission did not err or abuse its discretion in denying the Appeal Request because, without more, the counseling and retraining are not personnel actions that require a hearing under the CSRA. DHS required Mr. Donahue to complete the counseling and retraining to ensure that he understood the

requirements of HIPAA and the Code of Conduct moving forward in his role as a probationary Income Maintenance Caseworker. Moreover, DHS did not place the counseling and retraining in Mr. Donahue's personnel file, which is unlike even the letter of reprimand in *McGuire*. *See* 592 A.2d at 832 Thus, like the reprimands in *McGuire*, the counseling and retraining are remedial in nature and distinguishable from appealable personnel actions such as performance evaluations. Accordingly, we affirm the Commission's Order because, without more, the counseling and retraining DHS required Mr. Donahue to complete are not appealable personnel actions that require a hearing under the CSRA. *See McGuire*, 592 A.2d at 834.

## III. CONCLUSION

For the foregoing reasons, we grant the Application and dismiss the Petition to the extent it seeks writs of prohibition and mandamus against DHS for lack of standing to maintain the action. Further, we dismiss the Petition to the extent it seeks a writ of mandamus to compel the Commission to hold a hearing on the Appeal Request because such review is properly within the Court's appellate jurisdiction and excluded from the Court's original jurisdiction. Finally, we affirm the Commission's Order because the required counseling and retraining are not appealable personnel actions under the CSRA.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean M. Donahue,                    :
                    Petitioner     :
                                   :
        v.                         :    No. 325 M.D. 2024
                                   :
Pennsylvania Department of Human   :
Services and Pennsylvania State    :
Civil Service Commission,          :
                    Respondents    :

**PER CURIAM**

# O R D E R

**NOW**, July 7, 2025, the Order of the Pennsylvania State Civil Service Commission, issued May 21, 2024, is **AFFIRMED**. The Pennsylvania Department of Human Services' Application for Summary Relief is **GRANTED** in accordance with the foregoing opinion. Sean M. Donahue's petition for review seeking writs of prohibition and mandamus addressed to the Commonwealth Court's original jurisdiction is **DISMISSED**.