# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Guillermo D. Jalil, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1511 C.D. 2024 |
| | : | |
| Pennsylvania Judicial Conduct Board, | : | |
| Respondent | : | Submitted: February 3, 2026 |

BEFORE:   HONORABLE ANNE E. COVEY, Judge
                HONORABLE STACY WALLACE, Judge
                HONORABLE MATTHEW S. WOLF, Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                        FILED: March 23, 2026

      Guillermo D. Jalil (Requester), an unrepresented litigant, petitions this Court for review of the October 10, 2024 Final Determination of the Office of Open Records (OOR). The Final Determination denied Requester's appeal from the Pennsylvania Judicial Conduct Board's (Board) denial of a request for certain records requested under the Right-to-Know-Law[1] (RTKL). Upon review, we find that the records requested by Requester are not subject to disclosure under the RTKL as the records are requested from a judicial agency and are not financial records. Accordingly, we affirm the OOR.

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

# I. BACKGROUND

By way of a RTKL request sent to the Board on September 23, 2024, Requester requested:

> Copies of manuals and procedures on how to handle a complaint once received, the investigation procedure and procedure about handling the complaint, and any form letter to the complainant and the respondent. Policy papers as it relates to the jurisdiction of the Judicial Conduct Board over Special Masters. Standardized questions and/or checklists when investigating a President Judge as it relates to the actions of a Special Master under his or her supervision. Description of training programs provided to Special Masters. Criteria for the various actions the Judicial Conduct Board may take as it applies to the Dismissal with A Letter of Caution, Dismissal with a Letter of Counsel, Not Opened Due to a Lack of Jurisdiction, Petition for Interim Suspension, and/or Sanctions.

Petition for Review, Ex. 1 (Board's Open Records Officer's Response Letter).

On September 27, 2024, the Board's Open Records Officer (Officer) issued a response denying Requester's request. The Officer noted that the first two sentences of Requester's request mirrored a prior request, and he reiterated that the Board does not have jurisdiction over special masters. The Officer explained that the Board's jurisdiction is set forth in the Pennsylvania Constitution, and includes only magisterial district judges, judges of the Courts of Common Pleas, Commonwealth Court, Superior Court, and Justices of the Supreme Court of Pennsylvania. Accordingly, disclosure of any information related to special masters did not exist and was therefore denied. As to the remainder of the request, the Officer stated that as a judicial agency, the Board is required only to provide financial records under the RTKL, and the requested records did not fall into that

defined category.[2]  *See* Sections 102 and 304 of the RTKL, 65 P.S. §§ 67.102, 67.304.

Requester appealed the Officer's denial to the OOR on October 7, 2024. The OOR issued a Final Order on October 10, 2024, affirming the Board's denial and adopting the Officer's reasoning.  Requester subsequently appealed to this Court.[3]

## II. ISSUES

On appeal, Requester argues that pursuant to Section 305 of the RTKL, 65 P.S. § 67.305, the requested records must be presumed public.  He quotes *Bowling v. Office of Open Records*, 990 A.2d 813, 823 (Pa. Cmwlth. 2010), *aff'd*, 75 A.3d 453 (Pa. 2013), for the contention that "any record, including financial records of a Commonwealth or local agency, is a public record to the extent the record: is not exempt from disclosure under the [RTKL]; is not exempt under Federal or State law, regulation, or judicial order or decree; or, is not protected by privilege."  He further contends that the RTKL's dictate that judicial agencies provide financial records is not exclusive of other records.  He also contends that the requested records should be accessible pursuant to a provision outside the RTKL that provides for public access to case records.  *See* 204 Pa. Code § 213.81 (Case Records Public Access Policy of the Unified Judicial System of Pennsylvania).

## III. DISCUSSION

The RTKL defines different types of agencies, with different categories having different obligations under the law.  A "[j]udicial agency" is defined as "[a]

---

[2] The Officer noted that while not subject to disclosure under the RTKL, some of the information sought in the request may be available on the Board's website.  Board's Open Records Officer's Response Letter at 2.

[3] We exercise *de novo*, plenary review when considering RTKL appeals stemming from OOR determinations.  *Bowling v. Off. of Open Recs.*, 75 A.3d 453, 477 (Pa. 2013).

court of the Commonwealth or any other entity or office of the unified judicial system." 65 P.S. § 67.102. Section 304 of the RTKL requires that "[a] judicial agency shall provide financial records in accordance with this act or any rule or order of court providing equal or greater access to the records." 65 P.S. § 67.304.

Our Supreme Court has held:

> All records in the possession of Commonwealth and local agencies are presumed to be public records subject to disclosure, unless they are exempt under a section 708 exception, subject to a privilege, or are otherwise exempt under another state or federal law, regulation, or judicial order or decree. 65 P.S. § 67.305(a). In contrast, only financial records in the possession of a judicial agency "shall be presumed to be available" in accordance with the RTKL. 65 P.S. § 67.305(b). Section 304(a) provides further that "[a] judicial agency shall provide financial records in accordance with this act or any rule or order of court providing equal or greater access to the records." 65 P.S. § 67.304(a). For these reasons, the RTKL limits the public records that judicial agencies must disclose to financial records. *See also Court of Common Pleas of Lackawanna Cty. v. Pa. Office of Open Records*, 2 A.3d 810, 813 (Pa. Cmwlth. 2010).

*Miller v. Cnty. of Ctr.*, 173 A.3d 1162, 1168 (Pa. 2017) (footnotes omitted). Further, this Court has held that "[b]ecause the [Board] is an entity within the judicial system, it is a judicial agency under the Right-to-Know Law." *Burda v. Pennsylvania Jud. Conduct Bd.*, 175 A.3d 1138, 1140 (Pa. Cmwlth. 2017).

Here, the requested records are not financial records, nor has Requester contended that they are financial records. Rather, he asserts that judicial agencies must provide records other than financial records under the RTKL. This contention is not supported by the plain language of the RTKL or the case law interpreting it.

4

Requester improperly conflates the requirements the RTKL places on Commonwealth and local agencies with those it places on judicial agencies. However, as set forth in Section 304 of the RTKL, and as explained in *Miller*, the RTKL disclosure requirements placed on judicial agencies are more limited. Further, Requester's assertion that the requested records should be accessible as "case records" is incorrect—the records requested are not case records, but rather records dealing with internal procedures or disciplinary processes, rather than pertaining to a specific litigation matter as contemplated by 204 Pa. Code § 213.81.[4] The Officer, and subsequently the OOR, correctly found that the request was not subject to disclosure by the Board.

## IV. CONCLUSION

For the foregoing reasons, the October 10, 2024 Final Determination of the OOR is affirmed.

_____
MATTHEW S. WOLF, Judge

---

[4] "Case Records" are defined as "(1) documents for any case filed with, accepted and maintained by a court or custodian; (2) dockets, indices, and documents (such as orders, opinions, judgments, decrees) for any case created and maintained by a court or custodian. This term does not include notes, memoranda, correspondence, drafts, worksheets, and work product of judges and court personnel. Unless otherwise provided in this policy, this definition applies equally to case records maintained in paper and electronic formats." 204 Pa. Code § 213.81(1.0)(B).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Guillermo D. Jalil,  :
               Petitioner  :
                 :
          v.  :   No. 1511 C.D. 2024
                 :
Pennsylvania Judicial Conduct Board,  :
               Respondent  :

## O R D E R

AND NOW, this 23rd day of March 2026, the October 10, 2024 Final Determination of the Office of Open Records in the above-captioned matter is AFFIRMED.

 

_____
MATTHEW S. WOLF, Judge